Argued September 13, affirmed October 10, 1956

# CHATTERTON *v.* CHATTERTON

301 P. 2d 1034

*John H. Kelley,* Portland, argued the cause and filed a brief for appellant.

*B. Richard Anderson,* Newport, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, ROSSMAN, LUSK and McALLISTER, Justices.

PER CURIAM.

This is a suit for divorce by the plaintiff wife on the grounds of cruel and inhuman treatment and in which the defendant husband filed a cross-complaint. The decree awarded a divorce to the wife and further directed the parties to be owners as tenants in common of all the realty claimed by them or either of them. Plaintiff appeals only from that part of the decree making the aforesaid division of the real property. There is no dispute as to the law applicable in this matter.

The realty consisted of two parcels, the home place in Newport, Oregon, and several unimproved water-front lots situated elsewhere in that city, some of which were acquired by them at a tax sale. The home place has a probable value close to $8,000. The water-front property is of a nominal but undetermined value, according to the record.

■ Plaintiff asserts that the award as made under the provisions of ORS 107.100, as amended by Oregon Laws 1953, ch 635, does not represent a disposition that is just or proper. The preferential status originally accorded to the prevailing party in making an award of real property ceased to exist upon the adoption of ORS 107.100 in its present form.

■■ We have carefully read the record. It comes to us impressed with the advantages that a trial judge has but which are denied to us. The trial judge can give weight to the testimony of the witnesses as he sees and knows them on the stand and can take into account their conduct while testifying under oath. Ofttimes the tone of voice is more eloquent than the spoken word, the readiness of response, or the slow and carefully worded answer give greater clue to the honesty

or want of forthrightness of the one testifying than we can glean here from the written record alone. Therefore, when in doubt, and we have none here, our doubts are necessarily resolved in support of the jurist who saw and heard the witnesses. *Hayward v. Morrison,* 194 Or 335, 351, 241 P2d 888; *Claude v. Claude,* 180 Or 62, 79, 174 P2d 179. His conclusions attain additional weight when fortified by the years of experience we know the trial judge in this matter to have. We do not think that he acted arbitrarily or capriciously in making the property division which he made in the case at bar. To the contrary, we think he acted wisely and with great judicial circumspection considering the somewhat difficult problem he was called upon to resolve when dissolving a marriage of 30 years and wherein there was such a striking age differential between the parties. At the time of trial the wife was approximately 47 years old and her husband 66 years of age.

The decree is affirmed without costs to either party.