Argued September 13, affirmed October 10, 1956

# HALL *v.* HALL

302 P. 2d 724

*Elmer M. Amundson,* of Salem, argued the cause and filed a brief for appellant.

*Lawrence N. Brown,* of Salem, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, ROSSMAN, PERRY and McALLISTER, Justices.

PER CURIAM.

The plaintiff-respondent, Edythe Hall, brought a suit for a divorce from the defendant-appellant, John E. Hall. From a decree awarding the wife a divorce, the custody of their only child, a daughter then four years old, and all of the real and certain of the personal property, the defendant husband appeals.

The defendant Hall makes no complaint concerning the divorce decree in favor of his wife or against the award of the child's custody to Mrs. Hall. His allegations of error are directed to (1) the award of the home place to his wife; (2) the duty imposed upon him to pay certain obligations; (3) the amount of $65 as monthly support for the child; (4) the obligation to pay plaintiff's attorney fees and costs; and (5) his claim of an indefinite right of visitation with his young daughter. In addition he also says that the court erroneously directed him to return to plaintiff certain items of personal property which Hall states are the property of his father and in that parent's possession.

It will be observed that his cry of injustice is directed in the main to matters of property disposition which do not involve questions of law, but primarily questions of fact. As in *Chatterton v. Chatterton,*

decided October 10, 1956, the appellant in the case at bar says, in essence, that the trial court abused its discretion in making the property awards which it made under ORS 107.100(4), as amended by Oregon Laws 1953, ch 635, p 1171. We note that several of the cases upon which the appellant relies construe the court's powers of property division as the law was prior to the amendment of 1953, when and whereby the court was accorded greater latitude and without any restraint growing out of preferences for the prevailing party.

■ For the reasons assigned in *Chatterton v. Chatterton,* supra, we decline to disturb the court's awards concerning the property. In addition to what was there said about the real property award in that case, we find here a further persuasive fact. It appears that the Hall home place, during the pendency of the suit, was sold for $13,300 with $7,400 claims against it, leaving an equity of approximately $5,900 for plaintiff. There is no dispute that Mrs. Hall at the time of the union in 1948 brought to the marriage $5,100 in cash. This was immediately used by the defendant as a down payment on the first home of the parties in Salem. Thus, the award of real property to plaintiff does little more than equalize plaintiff's contribution to the home investment. Mrs. Hall also brought with her then substantially all of the household furniture which the decree now awards her. This is also true of the 1942 Pontiac, title to which is reconfirmed by the court's award.

■■ That part of the decree awarding custody of the minor child to plaintiff does so "subject to the right of the Defendant to visit said child at reasonable times and places." We are at a loss to discover how we can improve on that usual and wise direction concern-

ing an infant daughter four years of age. It is addressed to the mature intelligence of two adults who presumptively are more concerned with the happiness and well-being of the child than they are in limiting or otherwise using the visitation power as a means of harassing or vindictively annoying the other parent. If and when it appears that either party has attempted to abuse or limit the rights conferred by the visitation clause, then will be time to address the trial court for an appropriate modification.

■ It appears to us that appellant has an earning capacity of not less than $400 per month and has been earning that when he does not indulge his weakness for intoxicating liquor. This fact, together with no obligation to his wife for alimony, inclines us to accept the money stipulation of the decree as non-excessive.

We note that appellant's brief suggests that "a Decree of this nature can only foster the 'disappearing father' act, * * * and should be modified." Our examination of the record warrants the conclusion that such a contemptuous assertion reflects the mind of the appellant and not of counsel. It is a cowardly gesture of insinuation on his part which, in essence, says, "If I cannot have my way, I will not honor this court nor its decrees." It becomes more brazen in the face of the palpable justness of the trial judge's holdings and makes more evident the tenuousness of appellant's claims here.

The decree of the circuit court is affirmed and respondent's motion for attorney fees here is allowed in the amount of $150.