Argued October 30, 1956, affirmed January 30, 1957

# RIVIER *v.* RIVIER
306 P. 2d 423

*Roy Kilpatrick,* Canyon City, argued the cause for appellant. On the brief were Lytle, Kilpatrick and Schroeder, Canyon City.

*Lyle R. Wolff,* Baker, argued the cause for respondent. On the brief were Wolff and Johnson, Baker.

Before WARNER\*, Chief Justice, and ROSSMAN, LUSK, PERRY\*\* and McALLISTER, Justices.

PER CURIAM.

In this matter Elna L. Rivier, the plaintiff, was awarded a divorce from Joseph W. Rivier. The decree made a division between the parties of all real and personal property owned by them. It is from the property division, alone, that Mrs. Rivier appeals.

The Riviers were married in the fall of 1950. Mrs. Rivier has been previously married and widowed. She had two small boys.

She brought to her marriage with the defendant in 1950 personal and real property which she values at approximately $12,000. Defendant's capital contribution to the union at that time was about $2,000. Subsequently, there were various changes in the marital capital by reason of improvements to certain parcels of real property and sales netting modest profits. Their holdings were enhanced by the value of a Caterpillar and other heavy and valuable machinery acquired after the marriage and used by Mr. Rivier on contract jobs in supplying the family income and supplementing its capital account.

We see no occasion to trace the various property deals had during the life of the marriage by way of demonstrating the value and kind of property which was before the court when it made the division to which appellant objects.

---

\* Chief Justice when case argued.
\*\* Chief Justice when this decision was rendered.

■ The award was made pursuant to ORS 107.100, as amended by Oregon Laws 1953, ch 635, p 1171. As thus amended, ORS 107.100 confers a considerable latitude and discretion upon the trial court in matters of this kind. It now provides:

> "Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, * * *."

In the case at bar it seems that the appellant wife is moved by a fallacious belief that her contribution to the capital account of approximately $12,000, to employ her figures, should be returned to her as a matter of right. Such is the underlying tone of her entire brief, and is more clearly emphasized by its concluding note, reading: "Elna [the appellant] should at least get her own capital contribution back * * *." But such a restoration is not provided for nor contemplated by ORS 107.100, as amended. Indeed, the preferential status originally accorded to the prevailing party on a property division under ORS 107.100, as it was prior to 1953, has ceased to exist as is testified by the statutory provision in its present form. *Chatterton v. Chatterton,* 208 Or 434, 301 P2d 1034; *Hall v. Hall,* 208 Or 437, 302 P2d 724. The only limit now on the courts' power to make a division or other disposition of property when a marriage is dissolved or annulled, is that it be "just and proper in all the circumstances." *Barone v. Barone,* 207 Or 26, 31, 294 P2d 609.

■ We have made a careful examination of the record and find that in terms of property values the trial judge effected a "just and proper [division] in all of

the circumstances." Indeed, we think that the appellant in terms of value did acquire under the decree property of a value equal, if not greater, than what she initially brought to the marriage, even though the attainment of that end was not a part of the judicial design and was made without any judicial duty under ORS 107.100, as amended in 1953, to accomplish that result.

■ We entertain no judgment concerning the equitable character of the property division in terms of values different from those apparently relied upon by the trial judge. If we had any doubts we would be impelled to resolve them in his favor because of his advantageous position in hearing the witnesses and observing their conduct on the stand. *Chatterton v. Chatterton,* supra, at p 1034; *Hall v. Hall,* supra, at p 724.

■ The appellant also complains because the court failed "to award plaintiff her attorney fees and costs." It appears that early in the case the court ordered the defendant to pay her $100 as attorney fees and $30 as suit money, and this was done. It was a matter in the trial judge's discretion whether these allowances should later be enlarged.

Affirmed.