Argued June 9, affirmed June 29, 1960

# HOLVERSON *v.* HOLVERSON
### 353 P. 2d 618

*Clarence E. Yeager,* Portland, argued the cause and filed briefs for appellant.

*Gordon A. Ramstead* argued the cause for respondent. On the brief were Ramstead and Avrit, Eugene.

Before McAllister, Chief Justice, and Rossman, Warner, Goodwin and Holman, Justices.

PER CURIAM.

In this suit the plaintiff, Mrs. Holverson, was awarded a decree of divorce and alimony of $50 per month to and "until plaintiff re-marries, or upon the death of either of the parties," and the further sum of $250 as representing the value of her interest in a log cabin situated on the shore of Crescent Lake. Contending that the money payments stipulated by the decree do not represent an equitable adjustment of the property by reason of her contributions to investments made for the family use, the plaintiff appeals.

The defendant husband cross-appeals, asserting that the court erred in granting a divorce to plaintiff instead of a decree in his favor and in making the money provisions in behalf of plaintiff.

The parties were married in August, 1950. At that time they were, respectively, 47 and 57 years old. Both had been married before. The years of their tempestuous union were spent in Crescent Lake, Oregon, a very small community near the summit of the Cascade Mountains, where the defendant's modest income was derived almost entirely from his services as the local postmaster.

■ Plaintiff apparently labors under the mistaken belief that she is entitled to a restoration of all that she claims to have contributed financially to the marriage.

We are satisfied that the properties owned by defendant are far less in value than plaintiff ascribes. The principal item is a reconstructed shack on government land to which they hold only a use license or lease from the U. S. Forest Service for a limited term of years. The forepart of the building is occupied

by the postoffice and the back part has the living quarters where the parties resided prior to the institution of the instant suit. The speculative values assigned by the parties range from $500 to $2,500. Independent testimony indicates that the community of Crescent Lake is definitely deteriorating, declining in population and with no market for the few unoccupied buildings which remain.

The Holversons own but one parcel of real property which they hold by the entireties. This is a small log cabin a few miles distant on the shore of Crescent Lake, used only occasionally in conjunction with fishing and hunting trips. Mrs. Holverson testified it was not worth more than $250, a value no one seriously disputes. The court awarded title to this parcel to the defendant, subject, however, to payment to plaintiff of $250 within 30 days after entry of the decree.

The remaining property consists of household furnishings used in the residential part of the postoffice building, some fishing tackle, two boats and a number of guns, all of uncertain value, and in any event not in any significant amount.

We have no doubt that plaintiff made some contribution to the cost of rehabilitating the living quarters in the postoffice building. But to what extent is impossible to determine with any degree of accuracy so vague are her statements and so confusing is the character of the evidence she offered in support. This, too, is far less than what she would have us believe and if we were put to fixing an exact amount it would result in a relatively insignificant figure.

The presentation made by both parties prompted the trial judge to observe at one juncture in the proceeding: "* * * the testimony on the personal

property is so jumbled up that it would take Solomon and two more to unjumble it." We experienced like reactions as we labored through the record. He is to be commended for his patience and the equitable character of his final determination.

Plaintiff's briefs suggest that under the statute, plaintiff, as the prevailing party, is entitled to a one-third interest in fee to the property of the husband on dissolution of the marriage. From this false premise she claims she is "entitled to a 1/3 interest in the ½ interest of the defendant in the log cabin" (owned by them as tenants by the entirety) and cites in support *Schafer v. Schafer* (1927), 122 Or 620, 260 P 206, 59 ALR 707. Schafer correctly states the law as it was at that time and when the disposition of real property in divorce was controlled by the then existing statute, Or L (Olson), ch VIII § 511. However, plaintiff in so saying overlooks the fact that that statute has been amended many times in the intervening thirty or more years and is now subsection (4) of ORS 107.100 (as last amended by Oregon Laws 1953, ch 635), reading:

> "Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances,   *   *   *."

█ It is clearly evident that since 1953 a trial judge has a wide latitude in making disposition of the property of either or both parties as may appear to him to "be just and proper in all the circumstances" and that "the decision is addressed in the first instance to the sound discretion of the trial judge and his determination should not be disturbed by this court unless

it is clearly erroneous, particularly when it is evident * * * that the question was given careful consideration," as it was in the case at bar. *Barone v. Barone* (1956), 207 Or 26, 33, 294 P2d 609; *Rivier v. Rivier* (1957), 209 Or 342, 344, 306 P2d 423.

The award in the Rivier case, supra, had been made by the trial court pursuant to ORS 107.100, supra, as amended in 1953. The wife's appeal was, as stated by the court, apparently moved by "a fallacious belief that her contribution to the capital account of approximately $12,000 * * * should be returned to her as a matter of right." But this court observed, "such a restoration is not provided for nor contemplated by ORS 107.100, as amended." The court then points out: "The only limit now on the courts' power to make a division or other disposition of property when a marriage is dissolved or annulled, is that it be 'just and proper in all the circumstances,' " citing *Barone v. Barone,* supra. (209 Or at 344)

We find ourselves in the same position with reference to this appeal as we experienced in the Rivier case, except that here the relative values of the property involved and plaintiff's alleged contribution to the marriage are substantially less. Indeed, here there was little of value to divide.

We have also given attention to defendant's cross-appeal and find it without merit.

The decree of the circuit court is affirmed. Each party will pay his own costs.