Argued November 24, 1970, affirmed as modified January 7,
petition for rehearing denied February 9, 1971

## BEROUD, *Appellant, v.* BEROUD, *Respondent.*

478 P2d 652

*Virginia R. Renwick,* Tigard, argued the cause for

appellant. With her on the brief were Everett, Renwick & Althaus, Tigard, and Leo Levenson, Portland.

*Julia L. Boston*, Portland, argued the cause for respondent. On the brief were Colombo, Danner & Boston, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Plaintiff wife was granted a divorce from defendant and she appeals from that portion of the decree which denied her any interest in certain business property located in Tigard, Oregon, and in a life insurance policy on defendant's life.

Plaintiff and defendant were married in 1955. They had no children. Both worked during most of the approximately 14 years of the marriage. Plaintiff applied all of her earnings to the family and defendant likewise applied most of his. At defendant's request and upon his promise to refrain from the excessive use of liquor, plaintiff stopped working in 1967. During the marriage the parties acquired as principal assets an equity of $10,000 to $13,500 in residence property and an interest worth approximately $40,000 in a business building. The latter interest was acquired when, shortly after the marriage, defendant's father and mother deeded to defendant and his brother-in-law a tract of commercial property to permit them to construct a building thereon. Defendant and his brother-in-law initially invested in the building project, through cash and mortgage proceeds from residence property, approximately $9,000 and $10,600 respectively. Thereafter they borrowed $30,000 from a sav-

ings and loan association to complete the building. The building was completed June 1, 1956, and rental income therefrom paid defendant's parents for the land. During a major part of the marriage plaintiff, together with defendant, contributed time and labor in cleaning and painting the rental property. Two years prior to the trial the savings and loan mortgage had been retired and at the time of trial the property was free and clear of incumbrances except for about $1,000 due the brother-in-law for repairs and maintenance. Income from the building also paid the premiums on a $50,000 life insurance policy on defendant's life which at the time of trial had a cash surrender value of $12,000.

Plaintiff wife was awarded the divorce by reason of defendant's cruel treatment of her and was awarded the equity of the parties in the residence property but was denied any interest in the business property or defendant's life insurance. Although the trial court found that the parties were fortunate in acquiring the business property and the "interest in the building being a windfall to the Berouds," it nevertheless awarded the whole of this asset, together with the life insurance policy, to the defendant.

ORS 107.100 (4) provides:

"Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, in addition to any further relief decreed as provided for in subsection (1), (2) or (3) of this section."

We review de novo. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, aff'd on rehearing 91 Adv

Sh 903, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *Green v. Haugen,* 1 Or App 1, 457 P2d 655 (1969). Whether or not the business property was a "windfall," it was an asset to be considered in the division of the Beroud property pursuant to the above statute. Considering the fact that the plaintiff was awarded the residence equity, worth between $10,000 and $13,500, the award to defendant of the life insurance policy worth $12,000 seems fair. We believe, however, it would be just and proper to award to plaintiff an amount equal to one-half of the Beroud interest in the business property. In order to effectuate a proper award to plaintiff, the decree must be modified in one respect only, that is, to award plaintiff a judgment against the defendant for $20,000. It is so ordered.

Affirmed as modified.