Argued November 24, 1970, affirmed as modified
January 14, 1971

PARKER, *Appellant, v.* PARKER, *Respondent.*

479 P2d 528

*William T. Hollen,* Newport, argued the cause and filed the brief for appellant.

*Robert G. Ringo,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton & McClain, Corvallis.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Plaintiff husband appeals from a decree of the Circuit Court for Benton County dismissing his complaint for divorce and awarding a divorce to defendant wife on her cross-complaint.

Plaintiff assigns two errors allegedly committed by the trial court. First, plaintiff attacks the validity of the decree on the ground that the court erred in awarding defendant a money recovery from plaintiff when both parties were at fault without making special findings to justify such an award. Second, plaintiff challenges the equity of the decree, particularly the award to defendant of a $5,000 interest in a land sale contract made by plaintiff and the failure to return to plaintiff three agate tables and certain agate polishing

and molding equipment. We review de novo. *Beroud v. Beroud,* 4 Or App 469, 478 P2d 652 (1971).

ORS 107.035 (1), enacted in 1969, provides that if, in an action for divorce, it appears to the trial court that both parties have been guilty of a wrong or wrongs which may constitute grounds for divorce, the court may grant a divorce to the party least at fault where both seek such divorce. Subsection (2) of that statute permits the court, upon granting the divorce,

> "* * * to decree the recovery from one party such amounts of money in gross or in instalments, or both, as may be just and proper for such party to contribute to the other. The decree must contain special findings of fact in support of such recovery. * * *"

Plaintiff contends that since the trial court made no special findings it committed error in awarding defendant $5,000 of the vendor's interest in a land sale contract made between plaintiff and another party.

■■ ORS 107.035 (2) makes reference to paragraph (c) of subsection (1) of ORS 107.100, the statute which now gives and has historically given the trial court broad powers to provide for child custody, child support, alimony, property division and other matters in connection with a decree of divorce or annulment. Language nearly identical to that quoted above from ORS 107.035 (2) can be found in ORS 107.100(1)(c).①

---

① ORS 107.100 (1)(c):

"For the recovery from the party at fault or, under unusual circumstances in the discretion of the court, from the party not at fault, such amount of money, in gross or in instalments, or both, as may be just and proper for such party to contribute to the maintenance of the other; provided that in case recovery from the party not at fault is allowed, the decree must contain

The Oregon Supreme Court has interpreted that portion of the latter statute to refer to an award of "alimony," that is, "an allowance for support and maintenance." *Bennett v. Bennett*, 208 Or 524, 527, 302 P2d 1019 (1956). It does not apply to the division of the real and personal property of the parties. We understand the quoted language of ORS 107.035 (2) to likewise apply only to an award of money for the support and maintenance of one of the parties to the divorce by the other party. That portion of the trial court's decree awarding defendant the $5,000 interest in the land sale contract did not constitute an award of money for support and maintenance but was rather a part of the court's division of the property of the parties which may be made without regard to the question of fault. *Bennett v. Bennett*, supra; ORS 107.100 (4). No special findings were required of the trial court in this case under ORS 107.035 (2).

Plaintiff urges in his second assignment of error that the divorce decree is inequitable in its division of the property of the parties. That division was, generally, as follows:

To defendant:

(1) certain real property located in Corvallis, Oregon, including a house valued at approximately $13,000 which was built during the marriage upon land owned by defendant;

(2) household goods and furnishings of the above house;

(3) a $5,000 interest in the approximately $9,800 balance due on a contract for the sale of a parcel of

special findings of the facts constituting the unusual circumstances * * *."

real property located in Newport, Oregon, and owned by plaintiff at the time of the marriage;

(4) any rent accrued to the date of the decree on certain real property located in South Beach, Oregon;

(5) the remaining interest, if any, in $20,000 received by the parties from plaintiff's father (this sum was used, in part, to pay for construction of defendant's house and the balance apparently was applied to bills of the parties).

To plaintiff:

(1) the South Beach real property, including a three-bedroom house, valued at approximately $14,000;

(2) the remaining $4,800 interest in the land sale contract on the Newport property;

(3) three parcels of logged-off timberland of unknown value;

(4) a 1962 Falcon automobile, a 52-piece silver set and certain other personal property.
The remaining personal property was awarded to the party in possession. Defendant also received a judgment against plaintiff for the sums of $400 for attorney fees and $25.40 for costs.

ORS 107.100 (4) requires that, upon the dissolution or annulment of a marriage, the court make such disposition of the real and personal property of either or both of the parties "as may be just and proper in all the circumstances." We now examine the circumstances pertinent to this issue.

The parties were married on December 19, 1965. Plaintiff is now approximately 43 years of age, has little education but apparently is in good health and

is employable as a laborer. Defendant, on the other hand, is about 52 years old and her health has deteriorated significantly in the past few years. According to the testimony of a physician, her physical activity is restricted by her poor health and she is unable to engage in any strenuous or sustained activity. As a result she is precluded from working regularly in her former occupation as a domestic.

■ As is evident from the foregoing list, the court's division of property was nearly equal. Two items, however, were not mentioned in the decree—the three agate tables and the agate polishing and molding equipment. Since the testimony of both parties indicated that the tables were in the Corvallis home, we assume the award of the household furnishings to defendant included the tables. There was some dispute over the whereabouts of the agate equipment. Nevertheless, we feel that mention should have been made of it and the decree should be amended to award the agate polishing and molding equipment to plaintiff. In all other respects, however, under the circumstances in this case the decree, though generous to defendant, was fair.

The trial court's award to defendant of a judgment against plaintiff for attorney fees and costs was reasonable. Neither will be allowed here, however.

Affirmed as modified.