Argued June 24, affirmed August 12, 1971

THOMAS, *Respondent, v.* THOMAS, *Appellant.*

487 P2d 904

*James O. Garrett,* Salem, argued the cause for appellant. With him on the brief were Crawford, Garrett, Webb & Seideman, Salem.

*J. William Stortz,* Salem, argued the cause for re-

spondent. With him on the brief were Allen, Stortz & Barlow, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is a divorce case. The sole issue on appeal is the husband's contention that "[t]he Court's division of the assets of the parties was arbitrary, inequitable and constituted an abuse of discretion."

The parties were married December 27, 1964. The wife filed suit for divorce in October of 1969. The husband cross-complained. The parties went to trial May 20, 1970, and the court thereafter entered a decree awarding plaintiff the divorce and roughly one-half of the marital assets, the total value of which was somewhere between $16,500 and $18,140.

At the time of the marriage the husband had assets of approximately $32,000 and operated, as he continues to do, a small business. The wife was working for $55 a week but discontinued that employment after the marriage in order to work in the husband's business. The wife brought to the marriage only furniture and appliances sufficient to equip a two bedroom apartment. By 1970, through a combination of circumstances, the marital assets had shrunk to the value indicated above. There is nothing in the record to indicate that this shrinkage was due to any particular fault or extravagance of the wife. No children were born as issue of this marriage.

At the time of trial the wife was 55 years old and in good health; the husband was 66 years old. He had suffered some illness during the course of the

marriage, pneumonia and a broken heel. The record does not indicate that his health at the time of trial was much different from that normally expected of a 66-year-old man.

■ Contrary to the husband's contention, we do not feel that the division of the property ordered by the trial judge was unreasonable. His contention appears to be based primarily on the argument that he is entitled to have a division of assets that would leave the parties roughly in the same financial relationship that existed at the time of the marriage. With this we do not agree.

ORS 107.100 (4) provides:

> "Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all of the circumstances * * *."

■ The financial situation of parties vis-a-vis each other at the time of marriage is just one of many circumstances which a trial court may properly consider. *Rivier v. Rivier,* 209 Or 342, 306 P2d 423 (1957). See also *Holverson v. Holverson,* 222 Or 554, 353 P2d 618 (1960).

Affirmed.