Submitted July 19, affirmed as modified August 26, 1971

## THOMASON, *Respondent, v.* THOMASON, *Appellant.*

487 P2d 1397

Douglas A. Port, Salem, for appellant.

William J. Claussen, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Defendant husband appeals from that portion of a divorce decree which (1) requires him to pay $100 per month each for support of two boys, aged 14 and 16, and (2) which allows the plaintiff wife the "right" to take income tax dependency credit for the boys.

The decree, in addition to the provisions appealed from, awarded to defendant custody of a third child, who is permanently hospitalized at a cost to the defendant of $19 to $23 per month. No alimony was sought or awarded. The decree awarded the family residence and furnishings to plaintiff, requiring her to assume the monthly $111 mortgage payments on the house. Defendant was required to pay a $600 note, which was the remaining balance on the down payment for the residence. Defendant was awarded the equity in a small rental house and an $800 checking account, and required to pay outstanding family obligations, plus a $700 Sears' account, attorney fees and court costs. Each has an automobile—plaintiff pays $64 per month on her car and defendant pays $85 per month on his.

Plaintiff earns $4,000 per year and, without claiming dependents for tax purposes, has $66 per week take-home pay. Defendant earns $13,000 per year and after claiming three children as dependents has $168.22 per week take-home pay.

■ (1). The first asserted error is without merit. $100 per month for support of each of two teen age boys, particularly where no alimony was sought or

awarded and the father's gross income is $13,000 per year, is reasonable.

■ (2). Two points are made under the second assignment: (a) the court had no authority to allocate the income tax dependency credits to the plaintiff, and (b) if it had such authority the result raises the support defendant must pay to an amount greater than is reasonable.

(a). No authority is cited to support the court's authority to order dependency credits for income tax purposes to either party in a divorce proceeding. ORS 107.100 provides that the award against the party not having the custody shall be "* * * such amount of money * * * as may be just and proper." The trial court is accorded discretion in making awards under this and similar statutory authority. *Thomas v. Thomas,* 6 Or App 279, 487 P2d 904 (1971).

At the conclusion of the testimony the court asked counsel:

"Q * * *[T]he Internal Revenue does not recognize [support] decrees * * *?

"A That's correct * * *."

The plaintiff had specifically requested the dependency credits in her complaint.

The parent who contributes more than one-half of the support of a child is given the dependency credit therefor by tax laws. Int Rev Code of 1954, § 152; ORS 316.007, 316.012. Divorce court orders that have required alimony to be paid to a wife and also required the husband to pay the income tax on the alimony have been held invalid. This is because such orders are in contravention of the federal statutes which allow the husband to deduct alimony from gross

income, and require the wife to include it in her taxable income. Int Rev Code of 1954, § 61 (a)(8), and Int Rev Code of 1954, § 215 (a); *Kraunz v. Kraunz,* 293 NY 152, 56 NE2d 90 (1944); *Mercier v. Mercier,* 237 NYS2d 428, 429, 18 App Div 2d 880 (1963). However, in *Kraunz* it was said that the court may consider the amount of the taxes the wife will have to pay in setting the alimony (and maintenance for a child) but *"the court should fix the amount * * * instead of directing him* [husband] *to pay the variable amount of the income tax * * *."* (Emphasis supplied.) 293 NY at 158. This case was cited in *Strickland v. Strickland,* 183 Or 297, 303, 192 P2d 986 (1948), where the court said:

> "* * * In fixing alimony * * * the court should take into account the income taxes * * *."

In *Phillips v. Phillips,* 219 SW2d 249, 273 (Mo 1949), the Missouri Court of Appeals said:

> "* * * Courts may not readjust a tax burden in a way not intended by Congress, but any decrease in the wife's net income because of taxes * * * may be considered in fixing the amount of her alimony * * *."

*See also* Annotation, 153 ALR 1041 (1944); Annotation, 4 ALR2d 252 (1949), and Annotation, 1 ALR3d 123, 153 (1965).

The precedents quoted relate principally to alimony, and, arguably, stand upon a different footing than support for children, for reasons already noted in relation to the tax laws. Nevertheless, we think that the reasoning behind the rule pronounced in *Kraunz* applies to the instant case because it makes the amount of support to be paid a sum certain. Without seeing how plaintiff's or defendant's income tax returns will be figured after the divorce decree becomes effective,

we cannot know how the loss of dependency credits may affect defendant or benefit plaintiff. There may be a very substantial difference in what defendant may have to pay in taxes on account of his loss of dependency credit for the two boys coupled with his loss of the benefits of making a joint return. The difference may or may not be reasonable in view of the other obligations the parties have, but that is a question that should be determined by the trial court.

Therefore, the decree is modified by deleting the provision relative to claiming of dependency credits, and the case is remanded for the court to reconsider the support order for the children in the light of this opinion.

Affirmed as modified.