Argued November 30, 1971, affirmed January 28, petition for
rehearing denied February 23, petition for review
denied April 18, 1972

NEWMAN, *Appellant, v.* NEWMAN (No. 95543),
*Respondent.*

493 P2d 71

*Donald A. Bick,* Eugene, argued the cause for appellant. On the brief was Jon A. Joseph, Eugene.

*William A. Babcock,* Springfield, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Plaintiff wife appeals from the property division and support provisions of a Lane County Circuit Court decree of divorce which awarded her a divorce and custody of the two minor children.

■ Plaintiff, a registered nurse, and defendant, a chief steward in the Merchant Marine, were married in California in 1956 and are parents of two children, a boy and a girl, 14 and 11 at the time of the decree. The principal asset of the parties was a 99 acre farm approximately 15 miles southeast of Eugene in the Fall Creek area which they purchased in 1963. The purchase price was $44,000 for the land and $8,000 for the personal property. At trial the balance due was $17,728.02. The trial court fixed the value of the farm at $44,000 with the parties having an equity of approximately $27,000. The court awarded the farm to defendant husband, and awarded plaintiff $13,500, to be paid to her by defendant in monthly instalments of $125 or more per month, with interest at six and one-half per cent per annum from possession, which was to be July 1, 1972. The property rights of the parties were prop-

erly adjudicated as of the date of the decree, April 7, 1971. Plaintiff's continued possession after the decree was counterbalanced with defendant making the payments on principal and interest and receiving credit therefor subsequent to the date of the decree.

■ ■ Plaintiff claims the farm to be worth much more than $44,000, urging that although there was a paucity of evidence, that the court should take judicial notice that all real estate has increased in value since 1963. Plaintiff cites no authority nor does her proposal come within the purview of ORS 41.410 or of judicial decisions defining matters of common knowledge which may be judicially noted. The county assessor's valuation as of January 1, 1970, was $37,920. The owner's valuations were higher, but in light of their questionable qualifications as witnesses to value and the fact that other expert valuation testimony was not offered, we are led to accept the valuation placed on the farm by the trial court. We review de novo, and having done so, as to the property division, we find it fair under the circumstances.

■ ■ With reference to child support, defendant's gross income the last several years has averaged over $900 per month. The children are 14 and 11. In determining the amount of child support to be allowed, the court should consider all the circumstances of the parties, the needs of the children and "* * * the social standing, comforts and luxuries of life which * * * [they] would probably have enjoyed but for the divorce." *Hendrix v. Hendrix,* 246 Or 51, 52, 423 P2d 774 (1967); *Trombley v. Trombley,* 225 Or 209, 357 P2d 283 (1960). We believe the trial court's allowance of $75 per child is inadequate under the circumstances, and that the sum of $112.50 per child should be allowed

in lieu of the $75 awarded in the decree. In other respects the decree is affirmed. Certain terms of the decree remain to be performed, such as transfer of possession of the farm and execution of a note and mortgage as security. The essential terms of the note and mortgage, principal, interest rate, amount of instalments and time of payment are set forth but other specific terms of the mortgage are not. Jurisdiction over the decree and performance thereunder remains in the circuit court should any problems arise requiring court intervention.

One other matter requires mention. The decree awards defendant "* * * such items of the artifacts and articles purchased abroad by Defendant which shall be designated by him in a written list provided by Defendant to Plaintiff * * *." Exhibit L, introduced at the trial, is a list of such articles and during the trial the defendant, at the instance of the court, checked the items from the list which he wished to have awarded to him. They are:

> 1 Set hand-tooled leather tables, consisting of 1 coffee table, 2 end tables, 2 stools.
> 1 Oval table, brass. Rosewood frame.
> 2 Burl root Camphor end tables—3 tiered.
> 2 Bili Ironwood carved heads.
> 1 Indian overhead brass lamp.
> 1 Set 108 pcs. Noritake china.

Defendant, in his brief, in arguing the fairness of the property division, sets the value of the items he chose as $500 and the remainder, which go to plaintiff, at $2000. Defendant will be limited in his selection to the above items of artifacts.

Affirmed as modified.