Argued September 20, affirmed in part; reversed and remanded
in part November 3, 1972

RAY, *Respondent, v.* RAY, *Appellant.*

502 P2d 397

*Patricia Watson,* Law Clerk, Portland, argued the cause for appellant. With her on the brief were Jay D. Roth, Portland, and McCauley & Brown, and L. Ross Brown, Portland.

*Raymond R. Bagley, Jr.,* Oregon City, argued the cause for respondent. With him on the brief were Jack, Goodwin & Urbigkeit, and Sidney A. Brockley, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant wife appeals from certain provisions of a divorce decree granted to plaintiff which terminated the marriage of the parties as of March 1, 1972. The trial court awarded the plaintiff both the custody of the minor child and all the property of the parties. Defendant does not challenge the divorce itself; however, she does contest the decree as to the award of child custody and as to the property division.[①]

The parties married on February 2, 1968. During the marriage they had one child, Marcie Robin Ray, born November 23, 1968.

The first three years of this marriage apparently were relatively happy ones. However, during the last year the relationship of the parties deteriorated. As is not unusual in divorce cases, both parties tend to blame the other for this change. Whatever the cause, toward the end of the marriage defendant wife frequently left the home during days, evenings, and occasionally, over weekends. During this time she became involved with another man.

In May 1971 the defendant permanently left the

---

[①] Plaintiff filed his complaint in this divorce proceeding before the effective date, October 1, 1971, of Oregon Laws 1971, ch 280 (the "no fault" divorce law). See Oregon Laws 1971, ch 280, § 29. However, trial and the court's determination occurred after the effective date. The court applied the old law to the case. Neither party objected to trial nor on this appeal; so the question of the propriety of using the old law is not here presented. In any event, we feel that the outcome would be the same under either law. *See* Minovsky v. Minovsky, 10 Or App 540, 543, 500 P2d 1234 (1972).

home and marriage. She, with the child, moved to Seattle, Washington. Plaintiff visited the child several times after the separation, each time returning her to the defendant. However, he provided no support, and the defendant and the child relied on public assistance and money from defendant's relatives for their only income.

■ Defendant complains of the award of custody of the minor child to plaintiff. She contends that since she is the mother, the court should have given her preference in determining custody. This preference has been abrogated by statute, ORS 107.105(1)(a), and is subordinate to the best interests of the child. *See, Deardorff v. Deardorff,* 2 Or App 117, 467 P2d 137 (1970).

■ This court reviews child custody on a *de novo* basis. *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970).

Plaintiff, in the case at bar, challenged the defendant's fitness to care for the child, citing her marital misconduct at the end of the marriage. Defendant also attacked the plaintiff's fitness, claiming that he did not know how to care for the child, and that, in any event, he would have no time to do so.

However, plaintiff demonstrated experience in handling the child during the latter part of the marriage when defendant often was absent from the home. There was testimony that, although the plaintiff works, members of his family are available to care for the child during the day.

We recognize that often the best solution in determining the custody of a minor child is to grant the award to the mother. Yet the touchstone remains the best interests of the child, and here the identification

of those interests principally involved questions of witness credibility.

■■ We are required to, and do, give considerable weight to the findings of the trial judge in matters involving witness credibility. *Goode v. Goode,* supra. Although the evidence here does not indicate an irrefutable conclusion, still we cannot say that the court's decision in granting custody to the plaintiff father was erroneous.

Defendant next complains of the provision in the decree which awarded all the marital property to the plaintiff. Defendant particularly challenges the award as to the real property involved.

This property consists of a house and lot in Molalla, Oregon, where the parties resided during the marriage, a 12-acre lot approximately five miles south of Molalla, and the vendor's interest in a land sale contract.

■ Again, as with child custody, we review *de novo. Emery v. Emery,* 5 Or App 133, 481 P2d 656, Sup Ct *review denied* (1971) ; *Beroud v. Beroud,* 4 Or App 469, 478 P2d 652 (1971).

Here the challenge to the property division is based on issues of fact and law, and not on questions involving witness credibility. So in its *de novo* review this court has the same record to examine as did the trial court. *Beroud v. Beroud,* supra.

■ In determining the property division the relevant factors are :

" ' "* * * The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning ca-

pacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *" ' " *Stettler v. Stettler,* 2 Or App 119, 121, 467 P2d 130 (1970), quoting *Siebert v. Siebert,* 184 Or 496, 502-503, 199 P2d 659 (1948).

Here, the plaintiff's parents donated all the property owned by the parties during the marriage. However, the parties held all of the property in both of their names. The plaintiff worked during all of the marriage. He was earning a net pay of about $650 per month on the date the marriage terminated. The defendant did not work, but she contributed to the marriage by maintaining the household and caring for the minor child.

The defendant has relied principally on public assistance for her support since leaving the marriage.

■ When the parties separated, the plaintiff assumed and paid some $2,500 in marital debts, including a phone bill of about $1,200, most of which was attributable to the defendant. The trial court could properly consider the indebtedness, as well as the assets, of the parties in determining the property division. *Rennebohm v. Rennebohm,* 3 Or App 107, 472 P2d 835 (1970).

■■ However, the record indicates that, other than the matter of indebtedness, the trial court isolated only two other factors in awarding all the property to the plaintiff. Apparently the origin of the real property, all of which came from the plaintiff's parents, and the fault of the defendant in contributing to the marital collapse, persuaded the court that the defendant should receive nothing.

These factors, while persuasive, are not determinative. The law no longer, in awarding property, gives preferential status to the party prevailing in a

divorce suit. *Rivier v. Rivier,* 209 Or 342, 306 P2d 423 (1957); *Chatterton v. Chatterton,* 208 Or 434, 301 P2d 1034 (1956). Nor is any party to a divorce entitled, as a matter of right, to a return of his capital contribution. *Holverson v. Holverson,* 222 Or 554, 353 P2d 618 (1960); *Rivier v. Rivier,* supra; *Thomas v. Thomas,* 6 Or App 279, 487 P2d 904 (1971).

■■ This court, recognizing the substantial services which defendant rendered as a housewife and mother during most of the marriage, and her current destitute circumstances, would grant defendant some portion of the marital property. However, the insufficiency of the record prevents this court from making an informed award to the defendant. We gather from the record that the equity in the home at the time of these proceedings was about $5,000, and that the equity in the vendor's interest in the land sale contract could be as much as $5,000. We assume that the 12-acre tract has some value, but the record is wholly silent on this point. While the evidence is sufficient for us to determine that some award of property should have been made to the defendant, it is not sufficient for a determination of an exact amount. Therefore, while we are as a matter of policy reluctant to remand cases of this nature for further proceedings, we think it is justified in this instance. *See, Claude v. Claude,* 191 Or 308, 228 P2d 776, 230 P2d 211 (1951).

Also, the record does not indicate the extent of defendant's education, job experience or training.

Therefore, while the decree is affirmed as to child custody, the case is remanded to the trial court to take additional evidence, and reach an equitable property division consistent with this opinion.

Affirmed in part; reversed and remanded in part.