Argued September 23, affirmed as modified and remanded October 28, reconsideration denied November 20, 1974, petition for review allowed January 3, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

DIETZ, *Appellant, and* DIETZ (No. 82594), *Respondent.*

527 P2d 427

*Alan R. Jack,* Oregon City, argued the cause for appellant. On the brief were Raymond R. Bagley, Jr. and Jack, Goodwin & Urbigkeit, Oregon City.

*George L. Hibbard,* Oregon City, argued the cause for respondent. With him on the brief were Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is a suit for the dissolution of the marriage of the parties, tried in the circuit court for Clackamas County. A decree was entered dissolving the marriage of the parties and awarding the custody of one minor child of the parties to the wife, subject to reasonable visitation rights for the husband. The husband is required to pay $100 per month in support of the minor child at home and $100 per month in support of the child of the parties who is attending college. Two other children of the parties are emancipated. The wife has appealed the provisions of the decree pertaining to the award of child support, the distribution of the real and personal property of the parties, and the failure to award attorney fees and costs to the wife.

Our review is de novo. *Newman v. Newman,* 8 Or App 220, 493 P2d 71, Sup Ct *review denied* (1972); *Emery v. Emery,* 5 Or App 133, 481 P2d 656, Sup Ct *review denied* (1971).

The trial court made the following distribution of property; the values attributed to the portions are

based upon the determinations of the trial court or, in the absence of a trial court determination, calculations made by this court based upon conflicting evidence:

To the wife:

| | |
|---|---:|
| 75 shares, Canby Union Bank | $ 71,250.00 |
| 10.4 acres, located in Clackamas County | 10,400.00 |
| Sunriver lot, Deschutes County | 7,400.00 |
| Savings account, wife's name | 4,700.00 |
| Savings account, joint, $13,859.95 | 10,000.00 |
| Total | $103,750.00 |

To the husband:

Assets:

| | |
|---|---:|
| Homeplace farm, Clackamas County | $128,800.00 |
| Black Butte Ranch lot, Deschutes County | 28,000.00 |
| Notes Receivable, Dietz Airpark | 16,963.64 |
| One-third interest, Hiway Parts Inc. | 13,333.00 |
| One-third interest, CJS Partnership | 6,000.00 |
| Farm Machinery | 7,500.00 |
| Cattle | 3,500.00 |
| Grain | 10,000.00 |
| Savings account, joint, $13,859.95, balance | 3,859.95 |
| Total Assets | $217,956.59 |

Liabilities:

| | |
|---|---:|
| Debt on homeplace farm | $ 13,500.00 |
| Debt on Black Butte Ranch lot | 16,000.00 |
| Debt on purchase of bank stock | 6,500.00 |
| Installation of water system, Dietz Airpark | 2,500.00 |
| Blazer automobile | 3,200.00 |
| Total Liabilities | $ 41,700.00 |
| Net | $176,256.59 |

The trial court also gave the wife full ownership of the interest she received, by inheritance, from

a trust created by her father. This interest was inherited after the parties had separated and after the commencement of these proceedings. The valuation of the inheritance given to the wife by the trial court ranges from $118,669 to $315,369, depending upon the method chosen to value the stocks contained in the inheritance. At the very least, the inheritance is substantial.

■■ In determining a property division on divorce the relevant factors are

"'* * * [t]he financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *'" *Ray v. Ray,* 11 Or App 246, 251, 502 P2d 397 (1972).

Although both husband and wife have stressed the initial source of many of the marital assets, the respective contributions of the parties are only one of many factors which the trial judge is to consider in making a disposition of the marital property. *Prince v. Prince,* 225 Or 331, 332, 358 P2d 506 (1960); *Sharp v. Sharp,* 12 Or App 421, 425, 507 P2d 417 (1973). As the property listing demonstrates, both parties are in relatively strong financial condition, and an attempt has been made to leave each party with the property which will be especially valuable to him or her. At the time of the initiation of these proceedings the parties had been married for 26 years. They both contributed substantially to the now-considerable marital assets.

Although the wife has stated that she is in need

of some dental work, neither party has claimed to have any major medical problems, and both appear able to earn a living. The wife is 50 years of age and is employed by the Canby Union Bank as a vice-president and as a member of the board of directors at the bank. She receives $634 a month in net salary and $50 a month in director's fees.

The trust property which the wife has received by inheritance should also produce a fair amount of income for her.

The husband is 48 years of age and currently holds a job with another bank which provides him with take-home pay of $229 every two weeks. He also carries on his own farming operation, including custom farming, and he now has 110 acres under cultivation. Additionally, the trial court decree has assured him other income in that he has been given control of the Dietz Airpark management which produces $259 a month in maintenance fees, and certain investments in partnerships have been granted to the husband, which may or may not provide substantial profits in the future. In essence, neither party should have any difficulty in maintaining a good standard of living.

Basically, then, we are confronted with a long marriage in which both parties contributed to the development of the marital assets, in which both parties are healthy, and in which both parties are of similar age and have the ability to produce adequate income. In such circumstances, it is appropriate to divide the marital assets as equally as possible. Although the trial court did not specifically state the reasons for the particular distribution that it made, we infer from the over-all allocation that the trial court considered the wife's inheritance after the commencement of the ac-

tion as a relevant factor and thereby gave the husband a larger portion of the marital assets. While the source of an asset is a relevant factor, it is not controlling. *Morgan v. Morgan,* 13 Or App 14, 23, 507 P2d 409, Sup Ct *review denied* (1973). We believe that in the circumstances of this case the inheritance should not be considered in the distribution of the marital assets.

In our review of the record, we also note that the $4,700 in the savings account in the wife's name represents the remainder of $5,000 which was allocated to her during the pendency of these proceedings. The husband also received $5,000, which he has spent. Since these two allocations would cancel each other out, we believe it is appropriate to grant the $4,700 to the wife but we do not deem it necessary to include the $4,700 figure in seeking a fairly equal distribution of the remainder of the marital assets. Absent any consideration of the $4,700 savings account and the trust inheritance, the net assets allocated to the wife totalled $99,050. The net assets allocated to the husband totalled $176,256.59.

In order to more equitably distribute the marital assets, we conclude that the homeplace should be divided between the husband and the wife as follows: The wife should receive 10 acres near the creek bed in the southern portion of the property, valued at approximately $5,000, and 21 other acres in the southern portion of the property, valued at $1,500 per acre (total $31,500 value), with appropriate access rights. The husband should receive that portion of the property comprising the airstrip, which is about three acres. He should also receive the house and other buildings in the northern portion, located upon approximately three acres, and valued at approximately $32,300. Ad-

ditionally, he should receive the other 40 acres located in the northern portion of the property, which are valued at about $1,500 an acre (total value of $60,000). The wife will therefore receive approximately $36,500 worth of land, comprising 31 acres, and the husband will receive approximately $92,300 worth of land and buildings covering approximately 46 acres. This will result in the wife's receiving approximately $135,500 worth of marital assets and the husband's receiving $139,750 worth of marital assets. In all other respects we agree with the distribution of property made by the trial court.

■■ The wife also seeks an increase in the child support payments required of the husband. In determining the amount of child support to be allowed on dissolution, the court should consider all the circumstances of the parties, the needs of the children, and the social standing, comfort and luxuries of life which the children would probably have enjoyed but for the dissolution. *Newman v. Newman,* supra, 8 Or App at 222. Here, the size of the marital estate reflects the circumstances to which the children have become accustomed. The support for the minor child and for the child attending college should be increased to $175 a month each, so that the husband will more equally share the financial burden of their upbringing.

■ Finally, the wife has requested the award of attorney fees. No allegation is made that the trial court abused its discretion in not awarding attorney fees, nor is any evidence provided in the record which would support any award. Accordingly, we decline to consider the issue. *See Bohren v. Bohren,* 243 Or 237, 412 P2d 524 (1966); *Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974).

■ As a matter of policy, this court is reluctant to remand dissolution cases for further proceedings. *Ray v. Ray,* supra, 11 Or App at 252. However, in this case our decision calls for the division of the home-place property and such a division cannot be accomplished without detailed information which is not available in the record. It therefore will be necessary to remand for the purpose of permitting the trial court to see to the division of the property along the lines we have indicated.

The decree of the trial court is affirmed as modified and remanded for further proceedings.