Argued October 25, affirmed as modified November 18, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
BLAIN, *Appellant, and* BLAIN (No. 80185),
*Respondent.*

528 P2d 128

*Gary G. Jones,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Mark L. B. Wheeler,* Salem, argued the cause for respondent. With him on the brief were David A. Hilgemann and Brown, Schlegel, Milbank, Wheeler & Jarman, Salem.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

FOLEY, J.

This is an appeal from a decree dissolving the marriage of the parties. In its decree the trial court awarded custody of two minor children of the parties to the wife, awarded costs and attorney fees to the wife, ordered the husband to pay $100 per month each for the support of the two minor children, and awarded all of the household furniture, fixtures, appliances, and household goods to the wife. Additionally, a 1966 automobile was awarded to the husband, along with an $800 encumbrance thereon. A 1967 station wagon with no encumbrance thereon was awarded to the wife, and the husband was ordered to assume approximately $2,264 in financial obligations (largely consisting of amounts owing on credit purchases).

The trial court also awarded one-half interest in the family home to the wife and husband as tenants in common and gave the wife the exclusive possession of the home property until the youngest child attains the age of 18 years. The wife was ordered to make the

payments on the mortgage indebtedness and the husband was ordered to reimburse the wife for an amount equal to one-half the future annual real property taxes and one-half the future annual fire insurance premiums on the home. The decree provided that when the youngest child attains the age of 18 or when the wife leaves the home, if she should do so before the youngest child reaches 18, the home shall be sold and the net sale proceeds at that time shall be divided equally between the parties. Other portions of the decree are not pertinent to this appeal.

The wife appeals, seeking an increase in the amount allocated for child support, seeking support, and asking that the home be awarded to her alone.

Our review is de novo. *Dietz and Dietz,* 19 Or App 334, 527 P2d 427 (1974); *Newman v. Newman,* 8 Or App 220, 493 P2d 71, Sup Ct *review denied* (1972). In determining a property division on dissolution there is a variety of relevant factors to consider; these factors have often been discussed by this court. *See, e.g., Dietz and Dietz,* supra; *Ray v. Ray,* 11 Or App 246, 251, 502 P2d 397 (1972). Here, the husband has a ninth grade education and has worked for 32 or 33 years as a meat cutter. At the time of trial he was 50 years old and has had no difficulty in finding employment during the past few years. His current net income is approximately $198 per week, during which he works 48 hours. During the past five years his gross annual income has been in excess of $11,000.

The wife has completed high school but has had little work experience until 1973. Her principal vocation has been to rear the children. She is 49 years of age and since February 1973 she has worked for Pay-

less Drug Store. Her net pay is approximately $80–$90 per week, based on a 30 to 36 hour work week, which is the maximum amount of work she is assigned.

The parties were married on September 6, 1944, and four children have been born as issue of the marriage. Two children have achieved their majority, and the two boys remaining at home are 15 and 13 years of age. The two sons are healthy and are attending school.

Although the wife has had three leg operations involving veins, the last one took place some 14 years prior to the trial, and although the wife has asserted that she is worried about her health, it appears that neither party has any significant medical problems at the present time.

Other than the furnishings and the automobiles, the house is the major asset of the parties. According to the wife it is worth $22,000 or $23,000, whereas, according to the husband, it is worth as much as $25,000. Both husband and wife agree that the obligation outstanding on the house totals approximately $8,000. The house was purchased in 1970 with funds from a portion of the sale proceeds of the parties' former home in Arizona providing the down payment; the then-existing mortgage loan was assumed by the parties. The husband and wife have separated at least eight times, and each time the boys have remained with the wife. In April 1971, during one of the separation periods, the husband left for California and signed over his interest in the house to the wife via a quitclaim deed in exchange for her acceptance of a support agreement; however, three months later the parties resumed living together and the support agreement was terminated.

Considering all of these factors, it appears that the husband will enjoy an income in the coming years which will be substantially higher than the income of the wife. Although the wife has completed more years in school, she forsook the opportunity to enter the job market in order to rear the children of the parties. It is unlikely that she will attain an income level anywhere near that of the husband.

The factors considered by this court in making a division or distribution of marital property are basically the same as the criteria applied in making an award of support for the wife. See *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970).

■■ Considering the facts of this case, it is important that the wife be provided with some degree of financial stability for the future. This stability can best be provided by awarding the wife the entire interest in the family house in lieu of any support for the wife. The husband will be relieved from the requirement that he pay half the real property taxes and half the fire insurance premiums. The decree of the trial court is modified in these respects.

■■ In determining the amount of child support to be allowed upon dissolution, pertinent factors are the circumstances of the parties, the needs of the children, and the social standing, comfort and luxuries of life which the children would probably have enjoyed but for the dissolution. *Dietz and Dietz,* supra; *Newman v. Newman,* supra at 222. Considering all of these factors, the award of $100 per month per child is appropriate.

The decree of the trial court is affirmed as modified.