Argued August 19, affirmed October 13, 1975

In the Matter of the Dissolution of the Marriage of
WEIBYE, *Appellant, and* WEIBYE
(No. CC-74-381), *Respondent.*
541 P2d 149

*Nicholas D. Zafiratos,* Astoria, argued the cause for appellant. With him on the brief were Zafiratos & Roman, Astoria.

*Dan Van Thiel,* Astoria, argued the cause for respondent. With him on the brief were Anderson, Fulton, Lavis & Van Thiel and D. Richard Fischer, Astoria.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Appellant-husband appeals from the decree of dissolution. There is no cross appeal. His sole assignment is that the trial court erred "in awarding the respondent $25,000.00 as lump sum alimony for her property interest." While we disagree that the award of $25,000 constituted lump sum support, we agree that it is a part of the division of property, and we so consider it. There is a separate provision for support for the wife for a maximum of two years to enable respondent to finish training for her chosen employment. This provision is not challenged.

Appellant does not attack portions of the decree providing for custody, support payments, or division of other property. He does not question the time schedule decreed for payment of the $25,000. He does concede that he should make some payment to respondent, but contends that $25,000 is too much.

The parties were married five years and have three children, two of whom were respondent's by a prior marriage and were adopted by appellant. Each party contributed some assets to the marriage, although appellant contributed substantially more. Considering the relative value of the property contributed by each, the substantial age difference between the parties, their present and prospective earning capacities, and the overall division of property made by the trial court, we see no reason to upset the trial court's carefully considered plan. *Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972). The challenged $25,000 award as a part of the property settlement was proper.

Affirmed. No costs to either party.