Argued June 24, affirmed July 19, 1976

In the Matter of the Dissolution of the Marriage of
DUVALL, *Respondent,*
*and*
DUVALL, *Appellant.*
(No. 417-160, CA 5992)

551 P2d 1319

*Carlton R. Reiter,* Portland, argued the cause for appellant. With him on the brief were Ann Morgenstern and Reiter, Bricker & Zakovics, P.C., Portland.

*Ronald I. Gevurtz,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Husband appeals from the financial provisions of the decree of dissolution. He contends that the trial judge erred (1) in giving wife her choice of "alimony" or additional child support and (2) in awarding the wife the appreciable assets (family home) while giving the husband the depreciable assets.

The marriage of the parties was of 14 years' duration. Two children were born to their union. At the time of trial the girl was aged 12 and the boy aged 9.

Wife received the following: the family home, which had been purchased eight years before for $16,000, subject to a $4,500 lien to husband imposed by the decree payable on or before three years; the home furnishings; her automobile; one-half of their joint savings accounts and a small personal savings account. The husband received certain vehicles, a boat and trailer, and his tools, plus the $4,500 lien.

Wife has been a full-time mother and homemaker until only recently. At the time of trial she was receiving approximately $340 a month take-home pay. She will have the responsibility for the children until they become self-supporting or emancipated.

Husband was earning a take-home pay after taxes of approximately $1,300 per month, plus substantial expense allowances.

In respect to spousal and child support the court, at the conclusion of the trial, stated:

"At her election the support arrangements will be as follows:

"Either $200 per month for each of the two children together with $100 per month as alimony for a period of three years. That is, alimony for three years but to terminate earlier upon remarriage or its equivalent or loss of custody.

"Or, $250 per month child support for each of the two children for three years to be reduced at the end of three years to $200 per month for each of the two children; or

earlier to $200 per month for each of the two children upon her remarriage or its equivalent, providing that if the latter option is used, which, of course, is more advantageous to her because alimony is taxable and child support will not be taxable—providing that the recitation is contained in the decree that the reason for the automatic reduction after the three years is because the Court terms this child support but, nevertheless, is makeweight or substitution for alimony. I don't want the contention to be made at the end of the three-year period that the automatic reduction is inappropriate because the Court fixed $250 per month as a reasonable sum. I find $200 as the reasonable sum required."

Wife elected to, and the decree provided that she would, receive $250 per month for the support of each of the two children for the first three years, then reduced to $200 per month for each of the two children. The decree further providing that this

"* * * shall continue until a child reaches the age of 18 years but shall continue as to each child beyond his 18th birthday for any month in which he is a 'child attending school' as defined by ORS 107.108(c). In no event shall support continue beyond the age of 21 years. * * *"

Husband asserts that the trial judge had no authority to give wife her choice of receiving the $100 a month as "alimony" or child support for the first three years. He does not, however, cite any authority to support his contention. Our research has failed to find any decision in point.

Under ORS 107.105 a trial court has wide latitude in making such a support award and disposition of the property of the parties as may appear to be just and proper in all the circumstances. These decisions are addressed in the first instance to the court's sound discretion. *See, Holverson v. Holverson,* 222 Or 554, 353 P2d 618 (1960). We cannot say that the trial judge acted unlawfully or abused his discretion in allowing wife the choice set forth above. Based upon our *de novo* review of the record we conclude that the trial judge

made a proper support award and a fair and equitable disposition of the assets.

Affirmed. No costs to either party.

**SCHWAB, C. J.,** dissenting.

The trial judge gave the former wife the unfettered election as to whether to receive $100 per month for a period of three years in the form of child support or as support for herself. If paid as child support it is not deductible for income tax purposes by the payor and not considered income to the payee for income tax purposes. If paid as spouse support the opposite is true.

A judgment affecting a substantial right of a party to litigation must be made by the trier of fact, not by an adversary party. I agree with the majority that a trial court has broad discretion in reaching a decision —but not to the extent of subcontracting that authority to one of the litigants.

Since we review de novo I would modify the decree to provide that the $100 per month in question be categorized as spouse support.

For the foregoing reason I respectfully dissent.