Argued May 7, reversed May 31, 1968

BISBEE, *Respondent, v.* BISBEE, *Appellant.*

441 P. 2d 615

*James A. Cox,* Ontario, argued the cause for appellant. With him on the brief were Yturri, O'Kief, Cox & Burnham, Ontario.

No appearance for respondent.

H. Clifford Looney, District Attorney, Vale, filed a brief as amicus curiae on behalf of respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

DENECKE, J.

The defendant father appeals from an order denying defendant's motion to reduce the amount of the payments ordered in the original divorce decree for the support of the parties' children. The unique feature is that the mother plaintiff consented to the proposed modification.

There are five children, now ages 16, 15, 11, 10 and 7. In July 1963 the plaintiff mother filed for divorce and asked for $200 per month support payments. She alleged the defendant was capable of earning $400 per month. The defendant defaulted and the court awarded $225 per month.

The defendant's payment record was poor. In January 1964 he was sentenced to 15 days in jail for contempt for failure to pay. In June 1965 he was again cited for contempt for failure to pay, and after several continuances, was sentenced in April 1966 to 45 days in jail.

In June 1967 the defendant filed a motion for modification. He stated in his supporting affidavit that his take-home pay was $362 per month and his employer furnished him a house; he had remarried and had two children by his second wife; he had been regularly paying $100 per month since January 1967. He asked that the payments be reduced to $100 per month. The plaintiff wife also filed an affidavit consenting to the reduction and stating that with the $100

per month support payment, plus her earnings, she could support herself and her children without welfare assistance.

At the hearing plaintiff stated that she had not been on welfare since April 1967; that she was earning, net, $225; that she was receiving food from the federal surplus food program and milk from her parents, retired farmers; and that she could support herself and her five children by the defendant, plus one two-year-old from a subsequent marriage, without the assistance of welfare except in so far as the food from the surplus food program might be considered welfare. She was divorced from the father of her two-year-old child and he was not responsible for any support.

The District Attorney did not oppose the motion for modification. The District Attorney in his amicus curiae brief in this court urged the affirmance of the order.

In denying the motion the trial court stated: "* * * I have to put some burden upon Mr. Bisbee and upon his present wife of the knowledge of this support order," and that if the court made the reduction, the plaintiff and her family "are either on welfare or will be in the very near future."

We reverse the trial court's order and reduce the support payments to $100 per month.

■ In support cases we have the power to hear the matter de novo and make the disposition that seems most equitable; however, because the trial court heard the testimony and observed the witnesses we defer to its decision unless it is beyond the ambit of its discretion. *State ex rel McKee v. McKee,* 237 Or 583, 587, 392 P2d 645 (1964). The issue in this case does not turn upon the credibility of the witnesses, which

the trial court is best able to decide, rather it is more an issue of policy.

■ We reverse the trial court because the defendant cannot support his new family and contribute $225 per month to the support of his first family, whereas if the support payment is reduced to $100 per month the total income of the parties is approximately evenly divided and as long as such income continues both parties assert they can "get along." The plaintiff wife's consent to the reduced payment alone would not be sufficient to cause us to reverse the trial court, but it is one factor entering into our determination. If the plaintiff's income does not continue or there is any other change of circumstances, the trial court can consider another motion to modify.

Reversed and the trial court shall enter an order reducing the support payment to $100 per month. Costs to neither party.