Argued September 18, affirmed October 12, 1972

COOLEY, *Appellant,* v. COOLEY, *Respondent.*

501 P2d 1000

*E. Scott Lawlor,* Eugene, argued the cause and filed the brief for appellant.

*P. L. Van Rysselberghe,* Eugene, argued the cause for respondent. With him on the brief were Bailey, Hoffman, Morris & Van Rysselberghe, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

Defendant, former wife of plaintiff, sought a modification of the divorce decree to allow an increase in child support for the two children. The decree authorized $62.50 per child. The court increased the award to $100 per month per child. Plaintiff appeals.

No useful purpose would be served by reviewing the testimony in detail. The children were aged seven and four. At the time of the hearing the father was earning $9,000 a year. The mother received $1,500 a year child support, was unemployed and in poor health. Married at 15, her education was limited to grade school. She received an additional $33 every two weeks in the form of Aid to Dependent Children payments and had no other income. The children and mother ate one meal some days, rarely more than two, and that largely determined by neighbors' largess. The father had remarried but, since his wife, a registered nurse, earned $8,400 a year, demonstrated no economic impairment. Indeed his own earnings had increased from $600 a month at the time of the decree to $750.

In *Bisbee v. Bisbee,* 250 Or 234, 236, 441 P2d 615 (1968), the court considered its role in modification of child support orders, and said:

> "In support cases we have the power to hear the matter de novo and make the disposition that seems most equitable; however, because the trial court heard the testimony and observed the witnesses we defer to its decision unless it is beyond the ambit of its discretion. *State ex rel McKee v. McKee,* 237 Or 583, 587, 392 P2d 645 (1964). * * *"

We conclude from the evidence that the trial court's decision here was indeed within "the ambit of its discretion."

Affirmed.