Argued December 18, 1973, affirmed January 7, 1974

# SVEHAUG, *Appellant, v.* SVEHAUG, *Respondent.*

517 P2d 1073

*Donald L. Alderton,* Portland, argued the cause and filed the briefs for appellant.

*W. A. Franklin,* Portland, argued the cause for respondent. On the brief were Franklin, Bennett, Ofelt, Des Brisay & Jolles, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

TANZER, J.

The parties were divorced on September 22, 1971. As part of the divorce decree, plaintiff husband was required to pay $250 per month in alimony to defendant wife until her death or remarriage, and $200 in child support for each of the parties' three minor children. On August 7, 1972, the alimony obligation was reduced to $200 per month with the child support provision left unchanged. On December 4, 1972, plaintiff moved that defendant be required to show cause why the alimony provision should not be eliminated, and the child support reduced to $150 per month per child. Defendant responded with a motion that plaintiff be ordered to show cause why he should not be found in contempt of court for failure to pay certain

portions of his alimony and child support obligations. Following a consolidated hearing on the orders to show cause, the trial court entered an order reducing plaintiff's alimony payments to $180 per month, and also reducing plaintiff's child support obligation to $180 per month per child. In addition, the court found plaintiff in contempt for failure to meet his previous obligation, but allowed plaintiff to purge himself of contempt by paying $750 toward defendant's expenses and attorney's fees.

Plaintiff appeals, contending that the trial court erred in failing to eliminate alimony completely and in finding plaintiff in contempt. There is no cross-appeal by defendant.

The party who moves to modify alimony bears the burden of showing a change in circumstances since the date of the decree sufficient to justify the modification requested. *Reed v. Reed,* 12 Or App 371, 507 P2d 55 (1973); *Rorer v. Rorer,* 10 Or App 479, 500 P2d 734 (1972). We review de novo, but defer to the trial court's decision unless it is "beyond the ambit of its discretion." *Bisbee v. Bisbee,* 250 Or 234, 441 P2d 615 (1968); *State ex rel McKee v. McKee,* 237 Or 583, 392 P2d 645 (1964); *Cooley v. Cooley,* 11 Or App 88, 501 P2d 1000 (1972).

The evidence adduced at the hearing in this case showed that plaintiff's assets consisted primarily of a youth camp, some acreage and personal property connected with the camp, and several other pieces of real property. Plaintiff contended that the appraised value of his assets was about $345,000, although he testified that the properties had been advertised for sale at prices which would bring the total value to $745,000. All witnesses agreed that the nature of plain-

tiff's assets were such that his equity in them would increase over time as plaintiff paid off mortgages on the properties. While plaintiff's cash position may be restricted, it is clear that his net worth has increased since the decree.

Defendant's assets, on the other hand, consist primarily of certain real estate contracts in which she holds the vendor's interest. These contracts presently yield defendant some $8,000 per year net interest income. As the contracts are paid off over the years, the interest paid will be progressively less until, finally, defendant will derive no income from the contracts. At the time of the hearing, defendant had some $154,000 owing in obligations, while some $288,000 was due her on the contracts.

It appears that the trial court's $20 per month reduction in plaintiff's alimony and child support obligations was occasioned by plaintiff's testimony that he had incurred certain business losses. Since there was no cross-appeal, we have no occasion to consider the propriety of that action. However, as to plaintiff's contention that alimony should be further reduced to nothing, our review of the record discloses no reason to disturb the trial court's finding that such reduction would not be justified.

Plaintiff's other assignment of error is that the court erred in finding him in contempt of court. The record shows that, prior to the date of the hearing, plaintiff was in arrears in alimony and child support payments in the amount of $1,603. On the morning of the date set for hearing plaintiff paid the county clerk $1,053 toward the arrearages, but this did not alter the fact that plaintiff did not comply with the terms of the divorce decree.

■■ Proof of plaintiff's failure to comply with the provisions of the divorce decree constituted a prima facie case of contempt. To overcome this prima facie case, it was necessary for plaintiff affirmatively to show his inability to comply with the requirement imposed upon him. *State ex rel McKee v. McKee,* supra; *State ex rel Wolf v. Wolf,* 11 Or App 477, 503 P2d 1255 (1972). This he did not do. He did offer evidence that his spendable income had decreased, but this was at least in part due to his decision to reinvest some of his funds into his holdings as capital expenditures. The trial court noted, and we agree, that with assets valued at anywhere from one-third to three-quarters of a million dollars, plaintiff could have met his obligations had he wished to do so.

Affirmed.