Argued August 19, affirmed September 23, 1974

CASE, *Appellant, v.* CASE (No. 54838), *Respondent.*

526 P2d 467

*J. Wallace Gutzler,* Woodburn, argued the cause for appellant. With him on the brief was Donald D. McKelvey, Woodburn.

*Don A. Dickey,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

The parties were divorced in 1964. Defendant-wife was awarded $150 a month alimony and child support of $50 a month per child for two minor children. She sought an increase of alimony to $300 per month. Plaintiff-husband sought its elimination and that of the child support. The trial court increased the alimony to $250 a month and eliminated the child support. The former husband appeals. There is no cross-appeal. Neither party has remarried.

■ It is conceded that the children are now emancipated. Thus the child support was correctly eliminated.

■ One who seeks modification of a prior support order to the spouse must show a material change in the ability of the payor to pay, or in the other party's need therefor. *Abraham v. Abraham,* 248 Or 163, 164, 432 P2d 797 (1967); *Osterholme v. Osterholme,* 13 Or App 73, 76, 508 P2d 824 (1973); *Svehaug v. Svehaug,* 16 Or App 151, 517 P2d 1073 (1974).

■ The evidence here clearly establishes both the increased capacity of the plaintiff to pay and the increased need of the defendant. Indeed plaintiff concedes both that $150 a month is insufficient to meet defendant's needs and that he has an increased ability to pay support, and specifically that he can afford to pay the $250 a month awarded.

Defendant has a long history of both physical and mental disabilities. Her record shows four separate hospitalizations in the Oregon State Hospital for treatment of emotional disturbance, the last hospitalization ending in February 1973. During these various hospitalizations she received a total of 27 electric shock treatments. At the time of her last discharge her condition was diagnosed as "involutional melancholia in fair remission; schizophrenia, chronic undifferentiated type in good remission."

Because during her last hospital confinement she had at times functioned as a nurse's aide on the hospital ward, plaintiff contended she is now able to earn her own living, but refuses to do so.

After hearing the testimony, the court appointed a physician to examine defendant. He was selected by agreement of the parties. His report concluded:

"* * * Her only employment was many years ago and she has experienced much emotional trauma and frank mental illness since then. In view of her history and present symptoms, it is my opinion that she suffers from an Inadequate Personality and a Phobic Neurosis. I do not believe that she is capable of supporting herself now and I consider it unlikely that her condition will ever improve to that degree."

We think the evidence clearly supports the order of the trial court.

Affirmed.