Argued November 16, affirmed, no costs to either party December 20, 1976

In the Matter of the Dissolution of the Marriage of
ARNOLD, *Appellant,*
*and*
ARNOLD, *Respondent.*
(No. 22775, CA 6698)

557 P2d 702

*Mark L. B. Wheeler,* Salem, argued the cause for appellant. With him on the brief were Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

*J. Phillip Parks,* Salem, argued the cause for respondent. With him on the brief were Miller, Beck & Parks, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Wife appeals a decree of dissolution. The court divided the real and personal property of the parties but declined to award support to the wife. She asks for a greater portion of the property and for support in the amount of $75 per month until she reaches 62 years of age.

The parties had been married for 34 years at the time of dissolution. Their two children have long since been emancipated. Wife is 54 years old and works in a cannery during the fruit and vegetable seasons. When not working she collects unemployment compensation. With the exception of periods when the children were young she has worked all of her married life. Husband is 66 years old and retired from his employment as a carpenter. Due to medical problems he is unable to work. He receives social security and a union pension totaling $407 per month.

This marriage has been characterized by hard work and frugal living by both husband and wife. In addition to raising two children they have accumulated approximately $100,000 in assets which included, at the time of the decree, $46,800 in cash savings certificates.

As a result of the decree wife received approximately $43,700 in real and personal property including $25,740 in cash savings certificates and approximately three acres of riverfront property valued at $12,250. Her average monthly income is approximately $600 and includes $128 per month interest income from the savings deposits. The average of her income includes her wages and off season unemployment compensation.

Husband received approximately $57,500 in property from the decree. This included the family home valued at $24,500, a contiguous rental house valued at $7,250 and $21,060 in cash savings certificates. His monthly income in addition to the $407 retirement

[ 813 ]

payments includes $105 interest income and $75 rental income from the small house.

■ Wife testified the family home and contiguous rental house should go to the husband because of his strong emotional attachment to the property. It is evident he intends to live out his life in the family home. It thus has less value to him as a liquid asset and more value as a living accommodation. The wife received a greater value of the liquid assets. We deem the property division of the trial court to be equitable.

■ As indicated the earning power of the parties is approximately equal. Much of the wife's argument in support of her request for support revolves around the speculation she will soon be unable to work due to medical problems. A court, approaching dissolution of a marriage, cannot be expected to assay every possible contingency and provide a remedy in the decree, especially when the contingency depends on an event which may well not occur.

■ The record indicates wife has been employed as full time as the seasonal nature of the work permits, and has not missed any work in the last two years for medical reasons. There is no medical evidence indicating a possibility she will have to terminate her employment for reasons of health. The $75 per month she requests would offer very little relief in the event her work income were to cease.

Affirmed. No costs to either party.