Argued April 28, reversed June 1, 1977

In the Matter of the Marriage of
STUART, *Appellant,*
*and*
STUART, *Respondent.*
(No. 29215, CA 7452)
564 P2d 1082

J. W. Walton, Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, P.C., Corvallis.

Michael F. McClain, Corvallis, argued the cause for respondent. On the brief was McClain & Brown, Corvallis.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

[ 621 ]

**SCHWAB, C. J.**

Wife appeals from the modification of a decree of dissolution which reduced the level of spousal support husband was required to pay her.

In February 1975, the parties' marriage was dissolved by decree which incorporated an agreement between them. The decree required husband to pay $500 per month in spousal support for 36 months and $300 per month in spousal support for 85 months thereafter. In November 1976, pursuant to husband's motion, the court modified the decree by reducing the level of support due on the remainder of the first 36 payments to $350 per month and those due thereafter to $200 per month.

■ Before the support provisions of a dissolution decree may be modified, the moving party must show that there has been a material change in either the ability of the payor to pay or in the need of the other party for support. *Case v. Case,* 18 Or App 637, 526 P2d 467 (1974). Husband contends that a change of circumstances has occurred here in that wife has obtained part-time employment which produced approximately $6,000 gross income in 1976, and consequently has less need for support—and that his income from his dental practice has decreased since the time of decree.

■ Even assuming that the payments to be made to the wife pursuant to the dissolution decree were actually intended as spousal support rather than as part of the property settlement, *see Pratt and Pratt,* 29 Or App 115, 562 P2d 984 (1977) (concurring opinion), husband has not established that a material change of circumstances has occurred.[1]

---

[1]The original decree provided that husband did receive all interest in his dental practice as well as four houses owned by the parties. Wife received $14,000 and personal effects. At the hearing below wife testified that she agreed to receive a high level of spousal support in lieu of any

We interpret the testimony of husband's accountant as conceding that the financial posture of husband's dental practice had not changed appreciably. The balance sheets submitted by husband lead us to the same conclusion. We do not find a change of circumstances sufficient to make equitable a modification of the decree.

Reversed. Costs to appellant.

---

interest in husband's practice or real property. The husband did not offer directly contrary evidence. In any event, the trial court concluded:

"* * * [I]n reviewing the property settlement agreement that was reached * * * at least a portion of this alimony or spousal support has to be considered as part of the division of the property * * *."