RICHARDSON, J.
In this dissolution of marriage proceeding, husband appeals from the court’s award of spousal support, child support, and division of the marital assets.
Husband, aged 56, and wife, aged 54, were married 20 years at the time of the decree. Two children were bom to the marriage, aged 17 and 15 at the time of the decree. Husband, who is in good health, is employed as a circuit court judge, with a gross monthly salary of $2,924.17 and was reelected to a third six-year term in November 1976. Wife, who has completed two years of high school, suffers from an ulcer and has arthritis. Wife was employed sporadically during the marriage in real estate sales, and earned $7,500 in 1976. Due to her health problems, wife has had to quit her real estate job, and now is the production manager in a leather company at a gross salary of approximately $500 per month.
The major asset owned by the parties is the family home, which has a net value of approximately $54,000. The parties also have a savings account of $8,200, and husband has life insurance policies with a cash surrender value of $7,325. In addition, husband has made contributions of $20,473.94 to a retirement fund. In order for husband’s interest in the retirement fund to vest, husband must continue payments to the fund for the next four years. Husband will then be entitled to start drawing from the fund at the age of 65 at a rate which when coupled with Social Security will give him over half of his present salary.
The court’s opinion letter stated in part:
"* * * The Court is very much concerned about the tremendous difference in income between the parties when at age 65 [husband] will enjoy a judicial pension of an amount not less than $1,300.00 per month and perhaps substantially more, plus social security of $400.00 per month and probably more, and [wife] has about $200.00 in social security plus whatever else she can build up in about ten more years of employment.
*[68] "The Court will order permanent alimony in the amount of $500.00 per month, to cease only on [wife’s] death or remarriage or further order of the court. * * *”
The court also ordered husband to pay $250 per month per child in child support. The court awarded husband assets with a net value of $26,625 (excluding his interest in his retirement fund) with wife receiving assets worth $48,231. The court awarded the home to husband and wife as tenants in common, with wife receiving a two-thirds interest and the right to retain the use of the home for three years.
Husband contends first that the amount and duration of spousal support ordered by the court are inappropriate. In Kitson and Kitson, 17 Or App 648, 523 P2d 575, Sup Ct review denied (1974), we held:
"* * * The most significant factor [in awarding spousal support] usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife’s employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. * * * [I]f the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate.” 17 Or App at 655-56.
Here, during a marriage of long duration, the parties enjoyed a high standard of living owing principally to husband’s income. Wife, aged 54 and beset by health problems, is not able to earn a salary which will allow her to approximate that high standard of living. Under these circumstances, and considering that husband’s retirement fund will enable him to continue making support payments should he retire, we conclude that the court’s award of spousal support was appropriate. As we noted in Lake and Lake, 22 Or App 195, 538 P2d 97 (1975):
"The parties cannot separately maintain quite the high standard of living they enjoyed together, but our *[69] effort is to attempt to ensure that they separate on as equal a basis as possible in these circumstances. * * *” 22 Or App at 197.
Husband next contends that the award of child support is excessive. However, as husband makes no contention that the award of child support is inappropriate considering the needs of the children and the level of support they received during the marriage, see, Blain and Blain, 19 Or App 529, 528 P2d 128 (1974), we find no reason to disturb the court’s child support order.
Husband contends that the court distributed the marital assets inequitably. We conclude that the property division should be modified to award the family home to husband and wife as equal tenants in common, with wife retaining the option of remaining in the house for the next three years.
Wife contends that if husband’s interest in his retirement fund is considered as a marital asset, husband would be receiving the lion’s share of the assets. Because of the unusual nature of husband’s retirement fund, we conclude that it should not be considered in the same light as other marital assets to be divided between the parties. Husband will not have the right to the corpus of his retirement fund; he will only be entitled to the monthly retirement benefits. Even this interest in the fund is speculative, for husband must reach the age of 65 before he is entitled to draw from the fund. See, Arnold and Arnold, 27 Or App 811, 557 P2d 702 (1976). Finally, we have set the duration of husband’s spousal support payments depending in large part on husband’s right to draw from the retirement fund. To view this particular retirement fund as both a source of spousal support payments and as a marital asset would be inequitable.
Affirmed as modified. No costs to either party.