Argued and submitted November 28, 1979,
resubmitted in banc March 13,
affirmed as modified March 24, 1980

In the Matter of the Marriage of
MONAGHAN,
*Appellant,*
*and*
MONAGHAN,
*Respondent.*

(No. 78-4-285, CA 14354)

609 P2d 822

James R. Carskadon and Arthur B. Knauss, Milwaukie, argued the cause for appellant. With Arthur B. Knauss on the brief was Redman, Carskadon & Knauss, Milwaukie.

George L. Hibbard, Oregon City, argued the cause and filed the brief for respondent. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

CAMPBELL, J.

**CAMPBELL, J.**

In this dissolution of marriage case, the husband has appealed from those parts of the trial court's decree awarding the wife permanent spousal support in the amount of $400 per month and one-half of the cash balance accrued under the husband's account with the Public Employes' Retirement System (PERS). We modify the decree.

This was a 32-year marriage. At the time the decree was entered the husband was 56 and the wife was 53 years of age. The four children born of the marriage are all emancipated.

The husband has been employed as an elementary school teacher for thirty years. To supplement his annual salary he has been coaching three sports. He is also regularly employed during a part of the year at two different nonacademic jobs. His total annual gross income is approximately $25,000. The husband's health is good. There was no testimony as to the husband's monthly living expenses.

The wife worked off and on during the marriage. She worked at jobs which did not require special training, including two and one-half years as a hostess-cashier and seven years as a clerk in a trading stamp redemption store. At the time of trial she was arranging evening meals at the Marylhurst Educational Center. She was working 24 hours per week at the rate of $3.35 per hour, amounting to a gross pay of $334 per month. Her living expenses are in the range of $560 to $690 per month. The wife has some health problems.

The chief asset of the parties was their residence. Prior to trial they had sold it and were holding a net of approximately $45,500. The trial court divided the assets of the parties, including the sale price of the house, approximately 50-50. The wife's share of the property award was $42,256. She was awarded attorney fees in the amount of $800.

In addition to the property settlement, the wife was awarded permanent spousal support in the amount of $400 per month.

The trial judge in a letter opinion said:

"Permanent spousal support is awarded on the basis of 26 years of marriage prior to separation of the parties and six years since the separation. Respondent bore four sons and spent most of their married life caring for her husband and the four sons. Respondent has no outside job experience or training and although it is imperative that she now earn some additional income on her own, her age and health are factors which will prevent her from earning any substantial income on her own."

We agree under the facts and circumstances of this case that the award of permanent spousal support in the amount set by the trial judge is proper. ORS 107.105(c). *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974).

The trial court awarded the wife one-half of the husband's "accrued retirement benefits" as of the date of the trial "in the Public Employees Retirement System." The one-half is computed to be $9,750 and is included in the total property award of the wife in the amount of $42,256 quoted above.

The husband was eligible to retire with 30 years service as of July 1, 1979, with a monthly pension of approximately $550. He did not testify that he intended to take early retirement. The wife has suggested in her brief in this court that the appropriate procedure is to place the retirement fund on notice by a copy of the decree, and when the payout occurs she will be entitled to one-half of the husband's interest in the fund as of the date of the trial (March 7, 1979).

The law covering the Public Employees' Retirement System is codified in ORS chapter 237. ORS 237.201 at the time of trial provided in material part:

[538]

"The right of a person to a pension, an annuity or retirement allowance * * * under the provisions of ORS 237.001 to 237.315 * * * shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted * * * and shall be unassignable."[1]

The state treasurer, who is the custodian[2] of the husband's retirement fund, is not a party to this case.[3] The trial court only had jurisdiction of the husband and wife. It could only enforce its decree by requiring the husband to assign a one-half interest in his retirement fund to his wife. Such an assignment is prohibited by ORS 237.201.

To award the wife a judgment against the husband for the sum of $9,750 without reference to the retirement fund is not justified.

When the husband retires he may elect to receive a monthly pension or cash lump sum settlement. In either event the husband will need money received from PERS to help him pay the permanent spousal support to the wife. To allow the wife permanent support beyond the husband's retirement date would not be justified except for the vested funds in PERS. To award the wife both a judgment equal to one-half of the cash balance accrued in PERS and permanent spousal support would in effect allow the wife a double benefit from the same financial fund. *Roth and Roth,* 31 Or App 65, 569 P2d 693 (1977).

The decree of the trial court is modified to delete the following provision:

---

[1] Chapter 85, Oregon Laws 1979, amended ORS 237.201 to except " * * * execution, garnishment or other process upon a support obligation or an order entered pursuant to ORS 23.777 to 23.783 * * * ."

[2] ORS 237.271(4).

[3] We do not intend to imply that the result would be different if the state treasurer was a party.

"8. Respondent is awarded one half of Petitioner's accrued retirement benefits as of March 7, 1979 in the Public Employees Retirement System."

Affirmed as modified. No costs to either party.

**THORNTON, J.,** specially concurring.

While agreeing with the result and most of the language in the majority opinion, I cannot agree with that portion which states that ORS 237.201 prohibits the trial court from requiring husband to assign a one-half interest in his retirement fund to his wife. ORS 237.201, as it existed at all times material here, provided as follows:

"The right of a person to a pension, an annuity or a retirement allowance, to the return of contribution, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, or any other right accrued or accruing to any person under the provisions of ORS 237.001 to 237.315, and the money in the various funds created by ORS 237.271 and 237.281, shall be exempt from all state, county and municipal taxes heretofore or hereafter imposed, except as provided under ORS chapter 118, shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted, and shall be unassignable."

The general rule concerning statutory provisions such as ORS 237.201 is stated in 24 Am Jur 2d, Divorce and Separation 753-54, § 632 (1966), as follows:

"A pension received by the husband may be considered as a resource in determining the amount of permanent alimony to be awarded, whether the pension is received from the government or from some other source. Although frequently the contention has been made that the amount of pension received by a husband may not be taken into consideration as a resource in determining the amount of alimony, on the ground that the particular pension is exempt

from claims of creditors, or from legal process, the courts have uniformly held that such pensions may be taken into account despite their exempt character, upon the various grounds that exemption laws were not designed to protect pensions from claims in the nature of alimony, that the protection is at an end when the husband has received the pension, or that the pension may be taken into account as a resource of the husband, in any event, even if the particular exemption law is considered to be applicable with respect to the enforcement of alimony awards. Indeed, in several cases alimony has been allowed where the only income of the husband was a pension. The fact that the husband is likely to be retired on pension has also been taken into consideration in fixing the amount of alimony to be awarded to the wife." (Footnotes omitted.)

While the above rule is stated in terms of alimony payments, I believe that under ORS 107.105(1)(e),[1] it should be equally applicable to a property division incident to a dissolution of marriage. In other words, husband's vested retirement benefits under the Public Employes' Retirement System are a resource, and are not exempt from consideration in the property division by the trial court under ORS 107.105(1)(e). Further, I do not think there is any need for the State Treasurer to be a party, as the majority indicates.

Roberts, J., joins in this specially concurring opinion.

---

[1] ORS 107.105(1)(e) provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

" * * *

"For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall view the contribution of a spouse as a homemaker in the contribution of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage. The court shall require full disclosure of all assets by the parties in arriving at a just property division.

" * * *."

[541]

**TANZER, P. J.,** specially concurring.

I concur in the majority opinion except that portion dealing with the application of ORS 237.201. Because I agree that the decree should not require payments to the wife and also give to her the husband's source for making those payments, the provision regarding the retirement account should be stricken. For that reason, I see no need to reach the statutory issue.