Argued and submitted February 8, affirmed as modified May 27, 1980

In the Matter of the Marriage of
St. JOHN,
*Respondent,*
*and*
St. JOHN,
*Appellant.*

(No. 34722, CA 15063)

611 P2d 691

Jules Drabkin, McMinnville, argued the cause for appellant. With him on the brief was Rutherford and Drabkin, McMinnville.

Brent K. Caldwell, Forest Grove, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P. J.

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P. J.**

In this dissolution of marriage case, wife contends that the trial court erred in its division of the marital property and in its failure to award permanent spousal support. We affirm as modified.

The parties were married for 16 years and this was the second marriage for each. During the marriage, the wife's two children and the husband's three children grew up in the household. The children are now emancipated. Husband is 50 years old and wife is 49. Husband is in excellent health, but wife suffers from psychological problems.[1]

Husband retired from the Air Force in 1969 after 22 years of military service. He receives a net military retirement pension of approximately $500 per month, subject to periodic cost of living adjustment. He presently holds an executive position with a civilian company, earning a gross annual salary of $20,000. His combined net monthly income is approximately $1,500. He also has a civilian retirement plan with a present actuarial value of $7,300. He has one military life insurance policy and two civilian life insurance policies.[2]

Wife has a seventh grade education. During the marriage she had primary responsibility for the children and the household. In addition, she held various part-time positions as a waitress, cook and retail clerk. She is currently employed as a part-time retail clerk, earning a maximum gross income of $200 per month.

The trial court ordered that the family residence be sold, that the parties' debts be paid from the proceeds, and that the wife receive 5/8 of the net proceeds and the husband 3/8. The court estimated that the net

---

[1] Approximately one year before the dissolution, wife was hospitalized for five days for a mental breakdown which necessitated psychiatric treatment. Apparently her psychological problems currently interfere with her employment.

[2] The apparent cash value of these policies is in excess of $2,000.

proceeds would be approximately $16,000, but stated that the minimum amount the wife must receive is $10,000. The court awarded husband his military and civilian pension rights, as well as his military and civilian insurance policies. Husband was also awarded a Cadillac automobile. The trial court awarded wife spousal support "for a period of three years based on the finding that the respondent [wife] is a socially and economically disadvantaged person." She was to receive $400 per month for the first year, $300 per month the second, and $200 per month the third. Wife was also awarded costs and attorney fees.

We agree with the trial court's disposition of the marital property. Although wife was awarded a slightly larger portion of the proceeds from the sale of the residence, husband was awarded the military and civilian life insurance policies. Thus, an approximately equal division of the marital property was effected.

However, we do not agree with the trial court's limited award of spousal support. Considering the duration of the marriage, the wife's age, level of education, earning capacity and health, permanent support is warranted. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974); ORS 107.105(1) (c). Therefore, we modify the decree to provide for $400 per month permanent spousal support, commencing from the date of entry of the decree of dissolution.[3]

We also note what appears to be a clerical error in the decree. The decree stated that the "1972 Cadillac automobile shall be awarded to the petitioner [husband]." The parties agreed that wife should receive that automobile and in its ruling at trial the court

___

[3] This case arose before we decided *Rogers and Rogers,* 45 Or App 885, 609 P2d 877 (1980); the parties did not address at trial or on appeal the issues raised in *Rogers.* Therefore, in the present case we will treat the military and civilian retirement pensions as a source of income for payment of spousal support rather than as a marital asset. *Monaghan and Monaghan,* 45 Or App 535, 609 P2d 822 (1980); *Roth and Roth,* 31 Or App 65, 569 P2d 693 (1977).

stated that the "wife will be ordered the car free and clear of any interest." Thus, we also modify the decree to award the automobile to the wife.

Affirmed as modified. No costs to either party.