Argued and submitted September 17, affirmed as modified November 17, 1980

In the Matter of the Marriage of

ARMINTROUT,
*Appellant,*
*and*
ARMINTROUT,
*Respondent.*

(No. 114422, CA 17642)

619 P2d 658

Paul J. De Muniz, Salem, argued the cause for appellant. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

J. William Stortz, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The only issues on this appeal from a dissolution decree are whether wife is entitled to permanent spousal support, and if so, how much. The decree awarded wife support for only one year. On wife's appeal, we modify the decree.

Husband, age 53, and wife, age 50, dissolved their marriage of 33 years. Husband was awarded custody of their only minor child; wife was not required to pay child support. In dividing the property, the trial court split the marital assets evenly; in doing so, husband's grocery store business, which was awarded to him, was given no value because of its existing liabilities and failing business prospects. Wife was relieved of all liabilities arising out of the business.

Wife was awarded spousal support for one year: $750 per month for the first six months and $500 per month for the last six months. Here she contends she is entitled to $1,000 per month in permanent spousal support.

Wife is not currently employed. During the first eleven years of the marriage she worked as a secretary, but quit work when their first child was born. Since that time she has had a few jobs, but a congenital back problem makes it difficult for her to stand for eight hours and has limited her employability. Husband has been in the grocery business since he was 19 and presently owns his own grocery store. Last year he drew $26,000 from the business in cash and food supplies. He testified that he also had a back problem which prevented him from standing for long periods of time.

Frequently, where the marriage is of long duration and the husband's earning capacity greatly exceeds that of the wife, permanent spousal support is warranted in order that the dissolution will not have an overly disproportionate impact on the wife. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). Although here it seems reasonably clear that husband's earning *capacity* is substantially greater than is wife's, the record indicates that he is operating a losing business which may go under within the near

future. If that happens, however, it appears probable that by virtue of his extensive experience in the grocery business, husband would be able to obtain related employment in a responsible position. The situation lacks certainty, but justifies the conclusion that husband will be able to earn a reasonable living.

Wife's situation is no more certain. She is not employed and has a back problem. However, the evidence indicates that she has marketable skills and should be able to find employment as a secretary. Assuming that she does find suitable employment, it is highly unlikely that she will earn as much as husband. The trial court's award of spousal support of $750 per month for six months, and $500 per month for the ensuing six months, was appropriate to permit wife time to settle down to a new way of life. But we do not think it was justified in not awarding any permanent support, notwithstanding the uncertainties of the situation of both parties. We assume that husband's financial position is presently precarious and that wife's earning capacity is substantially more limited than that of husband. Based on these assumptions, we modify the decree to provide permanent spousal support in the amount of $200 per month commencing at the end of the year following the entry of the original decree herein.

Affirmed as modified. Costs to appellant.