Argued and submitted December 8, 1980, affirmed as modified March 2, reconsideration denied April 9, petition for review allowed June 9, 1981

In the Matter of the Marriage of

**FRANZKE,**
*Respondent,*
*and*
**FRANZKE,**
*Appellant.*

(No. D 13 784, CA 17673)

624 P2d 632

Clifford W. Powers, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

Wife appeals from a decree in a dissolution proceeding. She challenges the court's division of assets, the value placed on certain assets and the amount and duration of spousal support. We modify the decree with respect to both the division of assets and the spousal support.

This is a 24 year marriage. At the time of trial the husband was 44 years old and the wife was 43. The husband is a lawyer admitted to practice in 1960. He had been a partner in a large Portland law firm since 1966. His gross income for 1979 was $139,291. In 1978, he had earnings of $85,283; in 1977, he earned $97,928; and in 1976, he earned $72,490. Husband testified that 1977 and 1979 were unusual years that were not likely to be repeated: In 1977 he received a $10,000 bonus from a client and in 1979 the firm made a special effort to collect accounts due in anticipation of a pending merger with another law firm. Husband testified further that during the last year he experienced physical problems related to high blood pressure and a high cholesteral level which caused him to slow down in his work. He anticipated some effect on his future earning capacity because of his need to reduce his work load, but was uncertain as to whether this would actually occur and to what degree.

Wife worked during the first 4 or 5 years of the couple's marriage, until the time when husband finished law school in 1960. She worked as an office clerk, as a PBX operator for a trucking firm, and for an insurance firm. At the time of trial she had been employed for the previous three years as a receptionist in a nursing home. As part of her duties she performs general office work and does some of the payroll work. The work is part time; she earns about $780 a month. In 1979, her gross earnings were approximately $8,700; in 1978, she earned $7,163; in 1977, she had earnings of $3,834. Wife testified that she would have to consider working full time but indicated that she had made no arrangements to do so. Wife presently enjoys good health.

The couple have three children, all age 18 or above. The second child attends college and husband indicated

that he contributes at least $300 a month toward her support. The other two children are married.

The parties have assets of considerable value. Husband and wife agree that these assets should be evenly divided. The trial court awarded the wife $21,446 in assets and a judgment of $87,000 against the husband, a total award of $108,446. The judgment is to be paid at the rate of $1,568.61 per month, at 9 percent interest. The husband was awarded the couple's home worth $149,665 and most of the couple's antiques, household furnishings and recreational equipment. Wife claims that the husband's award amounted to $297,685, minus liabilities of $40,400 and the $87,000 judgment in her favor, for a total of $170,285. She argues that she should be awarded a judgment of $117,919 in order to equalize the property division. Husband contends that his award amounts to only $197,780 minus the $87,000 judgment for a total of $110,780. He arrives at a figure of $88,167 as the amount needed to distribute the assets evenly. Husband argues that the lesser judgment of $87,000 is justified because of the nature of the assets he was awarded, tangible property and retirement accounts, as opposed to the liquid assets the wife received and the fact that she will earn 9 percent per annum on the judgment in the form of interest.

The difference between the figures cited by the parties lies in the treatment of the various accounts the husband has with his law firm. The husband has a capital account worth $10,145 at the time of trial. It consists of a portion of his share of the firm's profits which he contributes as capital available for the firm's use. Husband also has an account, which is an investment fund generated by the capital account, in the amount of $14,480 and a Keogh account or retirement plan in the amount of $49,145. These three accounts, presently totalling $73,770, are not available to husband until he leaves the firm. Husband also has a balance of $34,720 in a drawing account which is available to him at any time. This latter account is his share of his law firm's profits less that portion set aside for the capital account. On his own initiative and without evidence being introduced on the matter, the trial judge reduced the value of the accounts available to the husband when he

leaves the firm from their face value of $73,700 to $13,000. The judge arrived at this figure by assuming that the value of these accounts would not be realized for another 20 years. He also indicated in his memorandum opinion that he viewed the drawing account as simply a method of distributing earnings and, as such, current income rather than an asset to be distributed.

Wife argues that the trial court erred in reducing the value of the capital, investment and Keogh accounts and in excluding the drawing account from the property settlement. Her figures, noted above, are based on the inclusion of the full value of each of these accounts in the property division. Husband, on the other hand, would exclude the drawing account and now values the other three accounts at only $13,000. However, he fails to consider the $40,400 which he assumed in liabilities, thus overvaluing his own award, if the reductions in value were proper.[1] It appears that the trial court also failed to include specifically the parties' liabilities in the division it made, although it is clear from the record that all agreed that the husband would assume the $40,440 in family debts. Husband argues

---

[1] There are also other minor differences in the husband's and wife's representation of the property division. The trial court did not assign values to the assets he awarded the parties, apparently adopting the figures they cited except for the reduction of the husband's law firm accounts. A comparison of the wife's and husband's figures, with respect to the husband's award, is as follows:

|  | Wife's valuation of the award to Husband | Husband's valuation of award to himself |
|---|---|---|
| House | $149,665 | $149,665 |
| Antiques | 11,275 | 11,275 |
| Buick | 700 | 700 |
| Opel | 750 | 515 |
| Jeep | 2,000 | 2,000 |
| Ford | 4,000 | 4,000 |
| MG | 5,000 | 5,000 |
| Camper | 1,000 | 1,000 |
| Boat | 4,000 | 4,000 |
| Tractor | 300 | (omits tractor) |
| Tools | 1,759 | 1,759 |
| Checking Acct. | 136 | 136 |
| Capital Acct. | 10,145 | |
| Keogh Acct. | 49,145 | 13,000 |
| Hartportco Acct. | 14,480 | |
| Drawing Acct. | 34,720 | (omits drawing account) |

that the drawing account and liabilities were both excluded as an offset to each other.

■　We turn first to the drawing account. That sum is available to the husband at the present time. As such, it is like a bank account or any other cash asset which is properly part of a property division. The trial court awarded the account to the husband at the same time it indicated that it would not consider it as an asset to be distributed. Upon recalculation of the property division we conclude that the $34,720 in the drawing account as well as the $40,400 in liabilities should be specifically included in determining the proper award.

■　It is also clear that the retirement benefits and other accounts available to husband upon leaving the firm are to be regarded as "marital assets to be considered in formulating the financial aspects of a dissolution decree." *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877 (1980), *modified* 47 Or App 963, 615 P2d 412 (1980), *rev den* 289 Or 659 (1980). They represented sums earned during the course of the marriage. The question is how these accounts

| | | |
|---|---|---|
| Picture frames | 1,380 | |
| Furnishings | 4,730 | 4,730 |
| Other Household | | (includes picture frames, |
| Items | 1,500 | furnishings and other as one) |
| Travelers Checks | 1,000 | (omits travelers checks) |
| | | |
| Total: | $297,685 | $197,780 |
| Liabilities | -40,400 | |
| | $257,285 | |

The parties do not dispute the award to the wife which is as follows:

| | |
|---|---|
| Buick | $  2,343 |
| Household items | 1,100 |
| Fred Meyer Certificate of Deposit | 11,700 |
| Fred Meyer Savings & Loan Acct. | 2,456 |
| Far West Federal Savings & Loan Acct. | 1,515 |
| Prosa contract (Vendor's interest) | 2,332 |
| TOTAL:　$21,446 | |

According to the wife's calculations, half of the assets would be $139,365 each (she needs $117,919 in addition to her award of $21,446 to achieve equity); under the husband's evaluation half of the assets would be $109,613 (wife needs $88,167 to balance).

are to be treated. The present amount accumulated in the three accounts in question, as represented in husband's trial memorandum, is $73,700. In that memorandum, husband proposed that wife receive half the value of the parties' assets, including the amount assigned to these accounts. Wife does not contend that these accounts are presently worth more than husband represents; we therefore take the figure as stated by him.[2]

Because the trial judge erred with respect to the value assigned to the various accounts belonging to the husband and the specific exclusion of the drawing account, as well as the parties' liabilities, it follows that the property division must be recalculated. We find that the husband was awarded assets totalling $293,805, minus $40,400 in liabilities, for a total of $253,405. The wife was awarded assets of $21,446. In order to equalize the amounts each party receives, wife is entitled to a judgment against husband for $115,979.[3] Because of the increase in the judgment, we give the husband 8 years, 2 more than allowed for in the trial court decree, to pay it. The interest rate will remain at 9 percent per year.

Wife contends further that she is entitled to permanent spousal support of $2,000 a month. The trial court awarded her $1,000 for 5 years. The disparity in the parties' incomes in this case is apparent. Frequently, where the marriage is of long duration and the parties have such disparate earning capacities, permanent spousal support is awarded in order that the dissolution will not have an overly disproportionate impact on the disadvantaged spouse. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Kitson and Kitson,*

---

[2] We are not faced with a case such as *Rogers and Rogers, supra,* where the present value of husband's retirement benefits was something more than the amount in his account and where those benefits were to be distributed as they came due and not in a lump sum. *See also Haftorson and Haftorson,* 49 Or App 205, 619 P2d 655 (1980), *rev den* (1980).

[3] The total value of the parties assets, including the full value of each of husband's accounts in his law firm, comes to $274,851. Half of the value would be $137,425. Wife received $21,416 in assets so her judgment against husband is $115,979.

17 Or App 648, 523 P2d 575, *rev den* 1974); *Armintrout and Armintrout,* 49 Or App 211, 619 P2d 658 (1980). Such is the case before us. Although it is clear that wife is capable of earning a certain amount, it is likely that her earning capacity will never amount to more than a small fraction of the amount husband is capable of earning. We conclude that spousal support should be permanent.

■ The amount of spousal support is another question. The husband testified that his monthly take home pay is about $4,000. He indicated that his expenses are approximately $3,160 a month. Wife earns about $780 a month and estimated her monthly expenses to be $2,625. We conclude that $1,000 a month is adequate support. This figure takes into account the fact that wife is only working part-time now but is likely to work full-time in the future. It also recognizes the significance of the amount wife is to receive from the division of property, which includes 9 percent per annum in interest.

The trial court decree is amended as follows:

Wife is awarded judgment against husband in the sum of $115,979, which judgment shall bear interest at the legal rate of nine percent per annum (9%) on the unpaid balance. He shall reduce the principal and interest of said judgment by paying her the sum of not less than $1,500 per month. The first payment shall be made on June 1, 1981. Each succeeding monthly payment shall be made on the first day of the month. He shall pay her the sum of $1,000 per month as spousal support until she dies, or until further decree of the court.

Affirmed as modified. No costs to either party.