Argued and submitted May 27, reversed August 10, 1981

GOWANS,
*Appellant,*

*v.*

GOWANS,
*Respondent.*

(No. 322-156, CA 19797)

632 P2d 479

Ferris F. Boothe, Portland, argued the cause for appellant. With him on the brief was Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Kevin O'Connell, Portland, argued the cause for respondent. With him on the brief was O'Connell, Goyak & Ball, P.C., Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from an order modifying the decree of dissolution by "abating" a provision in the decree requiring husband to pay spousal support of $200 a month.

The parties were divorced in 1967 after a 21 year marriage. Wife was then 42 years of age and husband was 44. The children of the parties are now emancipated. Husband, a CPA, worked in wife's father's lumber business in Portland for many years. After the parties separated, husband was employed by a lumber firm at Arcata, California. Husband's employer terminated its business on October 31, 1977, although husband received eleven month's earnings at $3,000 a month plus $25,000 lump sum severance pay. Husband and his present wife then moved from Arcata to Redding, California. In March, 1980, husband filed a motion to modify the decree to eliminate spousal support. The new wife was not employed at the date of the hearing, although she had formerly worked regularly in lumber sales in Arcata and earned a very substantial salary.

At the hearing there was evidence that husband and his present wife had not been able to sell their house in Arcata. They had it listed at $140,000 with a debt of $57,000, which would indicate an equity of approximately $83,000. His mortgage payments were $470 per month. He and his wife had purchased a new home in Redding, California, for $110,000, for which he had paid $30,000 in cash out of a savings account of approximately $35,000, and taken an $80,000 loan on the second home. There was also evidence offered that wife was expected to receive in due course a substantial inheritance from the estate of her recently deceased mother.

The hearing was recessed following an unrelated bomb explosion adjacent to the Multnomah County Courthouse. When it resumed on November 19, there was evidence that husband's Arcata home was being rented for $600 per month, which was $130 more per month than his mortgage payment.

The rationale of the trial judge's decision appears in his comments at the conclusion of the trial.

"THE COURT: Whether the problems that Mr. Gowans is currently experiencing are temporary or not, they are of

enough of a length of duration to justify a modification in this case. The modification the Court makes today is not a permanent modification, just like no decree is permanent. It is always subject to future change if the circumstances of either party change. I recognize that Mrs. Gowans has a difficult time with inflation, but inflation, as has been observed by the Court of Appeals in several opinions, is a two-edged sword. It hurts the obligor and the obligee equally. I recognize also that Mr. Gowans has had a remarkable success in his career, at least up until the time that he left the one job and went to work with Siller Brothers. But I do believe also that his present circumstances, hopefully of a rather temporary nature, are sufficient to justify a modification in this case."

■ Before the support provisions of a dissolution decree may be modified, the moving party must show that there has been a material change in either the ability of the payor to pay or in the need of the other party to support. *Stuart and Stuart,* 29 Or App 621, 564 P2d 1082 (1977); and *Case v. Case,* 18 Or App 637, 526 P2d 467 (1974).

■ Based upon our examination of this entire record, we conclude that husband failed to establish a sufficient change of circumstances to justify a modification of the permanent spousal support awarded in the original decree. *See Maurer and Maurer,* 49 Or App 355, 619 P2d 964 (1980); *Armintrout and Armintrout,* 49 Or App 211, 619 P2d 658 (1980); *St. John and St. John,* 46 Or App 361, 611 P2d 691 (1980); and *Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974). While husband suffered a loss of his job on October 31, 1977, he received a salary of $3,000 a month from November 30, 1977, through October 31, 1978, plus a $25,000 lump sum termination payment. By the time of the first hearing on April 23, 1980, husband was employed by another lumber firm in Redding at approximately the same salary which he had been making with his old firm in Arcata. Accordingly, the interruption of husband's earnings was only temporary in character and was not sufficient to warrant "abating" husband's spousal support payments. The order abating the spousal support is hereby vacated and set aside.

Reversed. No costs to either party.