Argued and submitted February 9, remanded for entry of judgment May 30, 1990

In the Matter of the Marriage of

SNYDER,
*Appellant,*
*and*

SNYDER,
*Respondent.*

(D87-2296; CA A49937)

792 P2d 478

David Gernant, Portland, argued the cause and submitted the brief for appellant.

Clayton C. Patrick, Salem, argued the cause for respondent. With him on the brief was John D. Peterson, Hillsboro.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this dissolution proceeding, wife appeals the amount and duration of spousal support that the trial court awarded her. We review *de novo* and modify the support provision.

The parties were married for 28 years and had three children, only one of whom is still a minor. Husband received custody of that child, but no child support. At the time of trial, husband was 48 years old; wife was 47 years old and in good health. They both have high school educations. Wife also completed a six-month course in dental assistant school at some point. Approximately thirteen years into the marriage, the parties sold most of their property to acquire a Dairy Queen business in Forest Grove, which has since provided most of the family income. Although both parties worked in the business, wife performed most of the management duties. From 1983 to 1987, net profits from the business ranged from $60,508 to $78,447,[1] increasing every year except 1984. Later in the marriage, husband devoted a substantial portion of his time to a Papa Aldo's Pizza franchise that the parties had acquired. That business did not make money.

In its property division, the trial court awarded husband the Dairy Queen business and real estate, valued at $360,000, and other property. Wife received the family home, valued at $82,500, cash assets of $66,903 that were already held in her name, other property, and an equalizing judgment against husband of $100,000. The court ordered husband to sell the Papa Aldo's franchise and to divide the proceeds equally with wife, or, if he had not sold it by September 1, 1989, to pay wife $15,000 for her interest in it. Thus, under the judgment, each party received properties worth approximately $296,000, plus half of the values of husband's Keogh plan and the Papa Aldo's franchise. The trial court ordered husband to pay wife $500 per month for 36 months as spousal support.

■ Wife argues that the trial court erred both as to the duration and amount of spousal support that it awarded.

---

[1] According to the parties' 1987 federal tax return, they received $68,447 in business income from the Dairy Queen that year. However, that figure did not include $10,000 set aside for extraordinary business expenses, which they apparently spent on a trip to Australia.

According to wife, she is entitled to permanent support because of the length of the marriage; because she relinquished the opportunity to obtain training or employment outside of the family business; because, as a result of being awarded that business, husband will have a future earning capacity far greater than hers; and because she was entitled to an equal share of both capital and income. Many of the same factors, she argues, also justify increasing the amount of spousal support. She suggests that the appropriate figure lies between $1,125 and $2,500 per month.

We agree that wife is entitled to permanent support. In *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the Supreme Court analyzed the factors that a trial court is required to consider in making a "just and equitable" support provision.[2] It identified a legislative policy of "ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." 280 Or at 353. *See* ORS 107.105(1)(d)(E). It also recognized, however, that in marriages of long duration, where the parties have disparate earning capacities, permanent spousal support is necessary to

---

[2] The factors set forth in *former* ORS 107.105(1)(c), the statute analyzed in *Grove and Grove, supra,* are similar to those in ORS 107.105(1)(d), which include:

"(A)  The length of the marriage;

"(B)  The age and the physical and mental health of the parties;

"(C)  The contribution by one spouse to the education, training and earning power of the other spouse;

"(D)  The earning capacity of each party, including educational background, training, employment skills and work experience;

"(E)  The need for education, training or retraining to enable a party to become employable at suitable work or to enable the party to pursue career objectives to become self-supporting at a standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is possible;

"(F)  * * * [T]he extent to which suitable job opportunitites are unavailable to a party considering the age of the party and the length of time reasonably anticipated for a party to obtain training or updating of career or job skills.

"(G)  The number, ages, health and conditions of dependents of the parties or either of them and provisions of the decree relating to custody of the children, including the length of time child support obligations will be in effect;

"* * * * *

"(K)  The standard of living established during the marriage;

"* * * * *

"(M)  Such other matters as the court shall deem relevant in the particular case in order that each party shall have the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible."

avoid an overly disproportionate impact on the disadvantaged spouse. 280 Or at 347. *Franzke and Franzke*, 51 Or App 35, 41, 624 P2d 632, *aff'd* 292 Or 110 (1981); *see* ORS 107.105(1)(d)(M). Thus, when the wife is employable only at a very low income compared to her standard of living during the marriage, permanent support may be appropriate. *Kitson and Kitson*, 17 Or. App 648, 656, 523 P2d 575, *rev den* (1974). That is especially true when the wife has directly contributed to the husband's occupational success. *Grove and Grove, supra,* 280 Or at 350.

Those principles weigh heavily in favor of awarding wife permanent support. Assuming net profits from the Dairy Queen continue at the 1987 level, husband's monthly gross income will approximate $6,537. By contrast, wife's prospects for making a good salary as a restaurant manager or dental assistant are poor, because her level of education and training make it unlikely that she will be able to find a job that pays more than minimum wage. By husband's reckoning, wife could make $1,345 per month by conservatively investing at 9.5% the $155,000 in liquid assets that she was awarded. Even considering that income, however, the judgment clearly will have an "overly disproportionate impact" on wife in terms of earning and income-producing capacity. Moreover, although both parties contributed to building the Dairy Queen into a successful business, only husband's earnings will continue to reflect the benefits of that work. Given wife's direct contribution to husband's current financial success, she should receive permanent spousal support.

■        In determining the amount of support, our goal is to "provide a standard of living not overly disproportionate to what [wife] enjoyed during the marriage." *Coats and Coats,* 64 Or App 594, 599, 669 P2d 370 (1983). Given the factors noted above, we conclude that $500 per month is too little to accomplish that purpose. On the other hand, wife has received a considerable amount of income-producing property,[3] owns her

---

[3] We reject wife's suggestion that it is inappropriate to consider the income that she can produce from her cash assets. "The amount of property divided between the parties is a major consideration is determining whether spousal support should be awarded, especially if the purpose of that property is to provide income." *Olinger and Olinger,* 75 Or App 351, 358, 707 P2d 64, *rev den* 300 Or 367 (1985). *Drayton and Drayton,* 84 Or App 185, 733 P2d 483, *rev den* 303 Or 370 (1987), and *Pierce and Pierce,* 70 Or App 24, 688 P2d 114 (1984), on which wife relies, involved situations in which the wife was required to liquidate assets awarded as part of the property division in order to achieve an income not overly disproportionate to the husband's. Wife is not in a similar position, because she need not liquidate her assets to produce income.

house free and clear and is able to work. Under those circumstances, an award of $800 per month is just and equitable.

Remanded for entry of judgment not inconsistent with this opinion. Costs to wife.